MATTER OF M—

In DEPORTATION Proceedings

A-7266391

*Decided by Board December 1, 1960*

**Crime involving moral turpitude—Forgery of public documents, swindling, and violation of domicile, Italy.**

(1) Forgery of public documents in violation of sections 275, 278, and 284 of the *Italian* Criminal Code of 1889 and sections 476 and 482 of the Criminal Code of 1930 is a crime involving moral turpitude.

(2) Swindling in violation of section 413 of the *Italian* Criminal Code of 1889 and section 640 of the Criminal Code of 1930 also involves moral turpitude.

(3) The offense of violation of domicile under section 157 of the Criminal Code of 1889 does *not* involve moral turpitude.

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable—Convicted of forgery (twice), swindling (twice), and fraud under Italian Penal Code.

Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable—Visa invalid—Procured by fraud or misrepresentation.

Lodged: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable—Convicted of forgery (twice) and swindling (three times) under Italian Penal Law.

**BEFORE THE BOARD**

**DISCUSSION:** The respondent appeals from an order entered by the special inquiry officer on December 11, 1959, directing his deportation as an alien who was excludable at the time of entry in that he had been convicted of crimes involving moral turpitude and in that he presented an immigration visa not valid because procured by fraud and misrepresentation (8 U.S.C. 1251(a)(1)). Exceptions have been taken to the finding of deportability.

The respondent, male, married, 59 years of age, concedes that he is an alien, a native and citizen of Italy, who last entered the United States for permanent residence through the port of New York on August 17, 1949. He denies the remaining allegations in the order to show cause, to wit:

4. On November 15, 1941, you were convicted in the Court of Appeals, Palermo, Italy, for the offense of forgery and fraud.

5. On June 12, 1926, you were convicted in the Court of Appeals in Palermo, Italy, for the offense of swindling and violation of domicile.
6. On June 18, 1925, you were convicted in the Court of Appeals, Palermo, Italy, for the offense of swindling and forgery.
7. You failed to reveal your conviction record when you applied for your visa on June 21, 1949, at Palermo, Italy.

The respondent upon advice of counsel refused to testify concerning his alleged convictions in Italy, claiming privilege under the Fifth Amendment to the Constitution of the United States. The Government's case rests upon a preliminary statement taken from the respondent on July 8, 1958 (exh. 4), together with Italian court records duly certified by vice consuls of the United States at Palermo, Italy, on February 19, 1957, and May 22, 1958 (exhs. 2A, 6 and 7).[1]

An investigator of the Immigration and Naturalization Service identified the typewritten transcript entered as exhibit 4 as a sworn statement taken from the respondent on July 8, 1958. The investigator testified that the statement was taken with the assistance of an Italian interpreter; that the respondent made some corrections which he initialed; that the statement was read to the respondent in the Italian language; and that the respondent signed the statement and initialed each page. The investigator further testified, and exhibit 4 shows, that the respondent identified as relating to him the records of the Italian court proceedings entered as exhibits 2A, 6 and 7.

Exhibit 2C is a translation of exhibit 2A, a record of the proceedings before the Court of Appeals at Palermo, Italy, and the judgment rendered by that court on November 15, 1941. This record shows that the Court of Appeals sustained the respondent's conviction on June 2, 1941, by the Tribunal of Palermo of being an accomplice in the crime of destroying official court documents in violation of sections 476 and 482 of the Italian Criminal Code of 1930. The Court of Appeals also found the respondent guilty of the crime of "continuous swindling" (a violation of section 640 of the 1930 Code) in that he did obtain various sums of money by tricking the other codefendants into believing, contrary to the truth, that with his assistance they would not have to suffer the consequences of their convictions for violations of the Export-Trade Mark Law.

The Supreme Court of Cassation (Italy) denied the respondent's appeal on May 21, 1945, for the reason that it was inadmissibble.

[1] Translations of the Italian court documents are a part of the record as exhibit 2C and attached to exhibits 6 and 7.

However, it ruled that in the respondent's case the crime of "swindling" was extinguished by an amnesty. An Italian amnesty is of no benefit to the respondent for immigration purposes (*Matter of B—*, 7 I. & N. Dec. 166, B.I.A., Apr. 17, 1956).

Exhibit 6, with translation attached, is a judgment of conviction rendered by the Civil and Penal Tribunal of Palermo, Sixth Section, on June 12, 1926. The Tribunal denied the respondent's appeal from a conviction and sentence by the Praetor of Palermo on October 29, 1925, to confinement at hard labor for six months and a fine of 300 liras for the crime of swindling of 65 liras and for breaking into the apartment of one C—P— (violation of domicile). The fact that the penalty was pardoned does not benefit the respondent in an immigration proceeding (*Matter of G—*, 5—129 (B.I.A., Feb. 17, 1953)).

Exhibit 7, with translation attached, is a record of the proceedings before the Court of Appeals for the District of Palermo, Third Penal Section. The Court of Appeals on June 18, 1925, affirmed the respondent's conviction by the Tribunal of Palermo of the crimes of forgery and swindle in connection with obtaining and cashing a money order. The court found the respondent guilty pursuant to the provisions of sections 413, 278 and 284 of the Italian Criminal Code of 1889.

A preponderance of substantial and probative evidence establishes that the respondent was convicted in Italy in 1925, 1926 and 1941 of certain offenses described in exhibits 2A, 6 and 7 as "forgery and continuous swindling" (exh. 2A), "swindling and violation of domicile" (exh. 6), and "forgery and swindling" (exh. 7). The principal issue before us is whether these crimes, as a matter of law, involve moral turpitude.

Whether a particular crime committed in a foreign jurisdiction involves moral turpitude must be determined by standards prevailing in the United States. 37 Op. Atty. Gen. 293 (1933); 39 Op. Atty. Gen. 95, 96 (1937); 39 Op. Atty. Gen. 215, 220 (1938). Counsel on appeal urges that when judged by legal standards prevailing in the United States the crimes committed by the respondent in Italy and described in the Italian court documents do not involve moral turpitude. Counsel also maintains that the Italian system of jurisprudence does not provide the constitutional guarantee of "innocent until proven guilty" and, therefore, the respondent's conviction does not meet an accepted standard which prevails in the United States.

It is well settled that when a record of conviction is introduced as evidence in an immigration proceeding the nature of the crime is conclusively established by that record. *United States ex rel. Zaffarano* v. *Corsi*, 63 F.2d 757, 758 (C.C.A. 2, 1933). In deter-

mining moral turpitude, the crime as defined by statute and as limited by the record of conviction must inherently and necessarily involve an evil intent or depraved motive. *United States ex rel. Mongiovi v. Karnuth*, 30 F.2d 825 (W.D. N.Y., 1929); *United States ex rel. Meyer v. Day*, 54 F.2d 336 (C.C.A. 2, 1931); *United States ex rel. Shladzien v. Warden*, 45 F.2d 204 (E.D. Pa., 1930).

We may look beyond the foreign statute under certain circumstances to consider such facts as may appear from the record of conviction or the admissions of the alien and reach an independent conclusion as to whether the offense is one which under our law involves moral turpitude (*Matter of T—*, 2—22, 42 (Atty. Gen., Feb. 24, 1944)). We have applied this rule when it is difficult to determine whether the foreign statute defines offenses which are designated as crimes under our laws (*Matter of T—, supra*).

Exhibit 9 is a compilation of the various sections of the Italian Criminal Codes of 1889 and 1930 under which the respondent was convicted. It was prepared by Dr. Fran Gjupanovich of the European Law Division, Law Library of Congress. A translation of the substantive provisions defining the crimes of which the respondent was convicted is set forth in Appendix A attached to this opinion.

A crime defined by statute may or may not require an evil intent and, therefore, may or may not involve moral turpitude (*Matter of G—*, 1—403 (B.I.A., Jan. 21, 1943)). If the definition of the crime eliminates motive or intent, and the alien may be convicted although his conduct was prompted by innocent motives, then his crime does not involve moral turpitude. *United States ex rel. Mylius v. Uhl*, 203 Fed. 152 (S.D. N.Y., 1913), aff'd 210 Fed. 860; *United States v. Carrollo*, 30 F. Supp. 3 (W.D. Mo., 1939).

It is clear from a reading of the several statutes set forth in Appendix A that they are silent with regard to a depraved motive or an evil intent as an element thereof. The special inquiry officer concedes that sections 476, 482 (forgery of public documents), and 640 (swindling) of the Italian Criminal Code of 1930 do not mention the element of an evil intent as a requirement for conviction. He maintains that *mens rea* is an essential concomitant for guilt under the Italian Code of 1930, relying on our decision in *Matter of A—*, 7—626 (B.I.A., Dec. 12, 1957).[2]

---

[2] The Board in *Matter of A—, supra*, had before it the issue of whether knowledge that the property was stolen is an essential element of the crime of receiving stolen goods as defined by section 648 of the Italian Criminal Code of 1930. The statute did not, in express terms, require that the accused have knowledge that the property was stolen or otherwise unlawfully acquired. Research of Italian law and the decisions of Italian courts made it clear that the accused must have actual or implied knowledge that the prop-

The special inquiry officer with regard to the respondent's conviction for offenses defined by the Italian Criminal Code of 1889 is of the opinion that section 413 (swindling) manifests that an evil intent is required for guilt thereunder. Relative to the offenses defined by section 157 (violation of domicile) and sections 275, 278 and 284 (forgery of public documents), the special inquiry officer is of the opinion that an evil intent or a depraved motive is not a required element for any of them.

Here we are faced with an interpretation of foreign laws which define offenses in terms unlike those found in similar offenses under our common law system of jurisprudence. This is precisely the situation where we may look beyond the foreign statute to consider such facts as may appear from the record of conviction or from other sections of the foreign criminal codes concerned to reach an independent conclusion as to whether the offenses are ones which under our law involve moral turpitude. (Cf. *Matter of T—*, *supra*.)

Accordingly, with the assistance of the Law Library of Congress we have made a study of the Italian Criminal Codes of 1889 and 1930 to determine whether a conviction may be had in the several offenses committed by the respondent without proof of criminal intent. Section 45, paragraph 1, of the Italian Criminal Code of 1889 (see Appendix B) states in substance that no one may be punished for a crime unless he wanted to commit the act which constitutes the crime, except when the law otherwise makes an individual responsible for it, as a consequence of his act of commission or omission. The general rule appears to be that crimes are punishable only if the acts and the ensuing violations of law by an individual are voluntarily committed.[3]

The Supreme Court of Cassation, Italy, has interpreted this provision as follows:

For a crime to be distinguished from a petty offense the element of *intent* to do what was actually done must be present.

The act which constitutes the crime consists in the agent's *intent* to do a thing which the law specifies as a crime.

A crime of any kind cannot exist unless the intent to commit the act or the omission which constitutes a violation of the law is present.[3]

The 1930 Italian Criminal Code, section 43 (see Appendix B), states that an offense is committed with criminal intent (*dolo*) when

---

erty was stolen or otherwise unlawfully acquired in order to obtain a conviction under the statute. We do not consider our decision in *Matter of A—*, *supra*, as a precedent for the special inquiry officer's ruling that the *mens rea* is an essential concomitant for guilt under the 1930 Italian Criminal Code.

[3] *Codice Penale con la Giurisprudenza e gli Atti Ufficialdi* (Criminal Code, Annotated, with Court Decisions of Official Documents) ; Barbera, G., editor; Firenze: 1910, pp. 38, 102, 117, 118, 120 and 121.

the offender has foreseen and desired the injurious or dangerous occurrence which is the result of his act and upon which the law makes dependent the presence of the crime. The foreseeability of, and desire to accomplish the injurious and dangerous occurrence is a theory accepted by the 1930 Code. Section 43 specifically provides for criminal intent, criminal negligence and a third kind of intent called preterintentional.[4]

The Supreme Court of Cassation, Italy, has ruled as follows with regard to the element of criminal intent mentioned in sections 42 and 43 of the Italian Criminal Code of 1930:

Knowledge of the illegality of a particular act is not an element required for the presence of criminal intent. Knowledge and desire to produce an effect as a result of one's own act of commission or omission is sufficient.[5]

The subjective basis for criminal responsibility for a crime committed with criminal intent is without doubt the intent of willfulness and not that of anticipation. . . . since he who anticipates that the event will certainly take place and acts with adequate means desires the event itself and therefore (acts) with criminal intent (dolo).[6]

Criminal intent is present in the perpetrator when he acts with intent directed toward achieving a definite criminal purpose . . .[7]

It is self-evident from a reading of the Italian records of conviction that some of the acts committed by the respondent were immoral when judged by standards prevailing in the United States. The record of the respondent's 1941 conviction (exhs. 2A and C) shows that he altered, destroyed or simulated the destruction of official court records of conviction for a consideration, thereby obtaining for himself an unjust gain to the detriment of others.

Exhibit 6, the record of the respondent's conviction in 1926 for "swindling," shows that the respondent led one C—P— to believe that he wished to redeem from a pawn some property belonging to her, thereby "grasping 65 lire from her . . ." Exhibit 7, the record of the respondent's 1925 conviction, states in substance that the respondent was an accomplice in a fraudulent undertaking "with the intent of cashing the money orders . . . (and) necessarily took part in the swindling itself" (p. 4, translation of exh. 7).

The offenses defined by sections 275, 278, 284 and 413 of the Italian Criminal Code of 1889 and sections 476, 482 and 640 of the Italian Criminal Code of 1930 (see Appendix A), when considered in light of the acts charged against the respondent in the records of conviction (exhs. 2A and C, 6 and 7) and those provisions of both

---

[4] *Dirritto Penale* (Criminal Law), General Part, 4th ed.; Bettiol, Giuseppe; Palermo: 1958, pp. 342–345, 361.

[5] *Repertorio Generale Annuale* (Annual General Collection of Italian Supreme Court Cases); Jannuzzi, Angelo, editor, Vol. 1, Milano: 1957, p. 1000, Case No. 3.

[6] *Ibid.* (1956 Reports), p. 894, Case No. 10.

[7] *Ibid.*, p. 894, Case No. 13.

the 1889 and 1930 Codes which make "criminal intent" an integral part of the Italian statutes here under consideration, are, when judged according to standards prevailing in the United States, crimes involving moral turpitude.

We affirm the special inquiry officer's conclusion that the offense defined by section 157 of the Italian Criminal Code of 1889 does not involve moral turpitude. It is our opinion that this offense comes within the exception set forth in section 45 of the 1889 Code (see Appendix B) and, therefore, *mens rea* is not an essential concomitant for guilt.

Counsel's argument that the respondent's conviction in Italy does not meet standards which prevail in the United States because the Italian system of jurisprudence does not provide the constitutional guarantee of "innocent until proven guilty" is without merit. There is no provision in the immigration laws to the effect that a foreign conviction must conform to the constitutional guarantees of the United States. Furthermore, determination of constitutional questions is a judicial and not an administrative function. *Marbury* v. *Madison*, 1 Cranch (5 U.S.) 137; *Smith* v. *Indiana*, 191 U.S. 138, 148.

The respondent, when he obtained his visa (exh. 5), failed to reveal his criminal convictions. We agree with the special inquiry officer that the misrepresentation was material and that the visa the respondent presented was not valid because procured by fraud and misrepresentation.

The findings of fact entered by the special inquiry officer in his opinion of December 11, 1959, are hereby affirmed. Conclusion of law No. 1 is hereby amended to provide for the respondent's deportation as an alien "who has been convicted of a felony or other crime or misdemeanor involving moral turpitude prior to entry to the United States under section 3 of the Act of February 5, 1917, to wit: Forgery on two occasions and swindling on three occasions under the Italian Penal Codes of 1889 and 1930."

The order entered by the special inquiry officer on December 11, 1959, is hereby affirmed. The appeal will be dismissed.

**ORDER:** It is directed that the appeal be and the same is hereby dismissed.

### APPENDIX A

#### *Italian Criminal Code*

I. Substantive provisions of the Italian Criminal Code of 1889 under which the respondent was convicted.

*Sec. 413.* Whoever, by trick or subterfuge capable of cheating or taking by surprise another's good faith, leads someone into error and obtains for himself or others an unjust gain to the detriment of another person, shall be

138

punished by confinement at hard labor for not more than three years and a fine of not less than one hundred liras.

*Sec. 157.* Whoever arbitrarily introduces himself into, or remains in, another person's dwelling, or the appurtenances of the same, against the express wish of the individual who has the right to exclude him, or introduces himself therein or remains there secretly or by fraud, shall be punished by confinement at hard labor for not less than one nor more than thirty months.

*Sec. 275.* A public official who, in the performance of his official duty, wholly or in part, falsely makes or (materially) alters a genuine document which may cause public or private damage, shall be punished by confinement at hard labor for not less than five years no (*sic*) more than twelve years.

*Sec. 278.* Whoever, not being a public official, perpetrates a forgery of a public document in the manner specified in sec. 275, shall be punished by confinement at hard labor for not less than three years nor more than ten years; and, if the document is presumed by law to be genuine until charges of forgery are made, the confinement at hard labor shall not be for less than five years.

*Sec. 284.* For the purpose of the application of the provisions of the preceding sections, individuals who have authority to draw up documents which the law considers to involve a public trust, are deemed to be equal to public officials; and holographic wills, negotiable instruments and certificates of stock transferable by endorsement of the bearer, are deemed to be equal to public documents.

## II. Substantive provisions of the Italian Criminal Code of 1930 under which the respondent was convicted.

*Sec. 476. Forgery of public documents committed by a public official.* A public official who, in the performance of his official duties, draws up, wholly or in part, a false document, or alters a genuine one, shall be punished by confinement at hard labor for not less than one nor more than six years.

If the forgery relates to a document, or part thereof, which is held to be genuine until charges of forgery are made, the confinement at hard labor shall be for not less than three nor more than ten years.

*Sec. 482. Forgery committed by a private individual.* If any of the acts specified in secs. 476, 477 and 478 are committed by a private individual, or by a public official outside the scope of his employment, the pertinent punishments specified in the said sections, reduced by one third, shall apply.

*Sec. 640. Swindling.* Whoever, by trick or subterfuge, leads another into error and obtains for himself or for others an unjust gain to the detriment of another person, shall be punished by confinement at hard labor for not less than six months nor more than three years and by a fine of not less than 4,000 nor more than 80,000 liras.

### APPENDIX B

*Provisions of the Italian Criminal Code Relating to Criminal Intent*

### I. The Italian Criminal Code of 1889.

*Sec. 45.* No one may be punished for a crime unless he wanted [intended to commit] the act which constitutes the crime, except when the law otherwise makes an individual responsible for it as a consequence of his act of commission or omission.

In petty offenses everyone is responsible for his own act or omission, unless it is proved that he wanted to commit the act contrary to law.

139

## II. The Italian Criminal Code of 1930.

*Sec. 42.* Responsibility for criminal intent (*dolo*) or criminal negligence (*colpa*), or for a crime [committed] preterintentionally (*delitto preterintenzionale*). Objective responsibility. No one may be punished for an act of commission or omission considered an offense by law unless he has committed it knowingly and willfully.

No one may be punished for an act considered a crime by law unless he has committed it with criminal intent except in cases in which the law expressly states that such crime is committed with constructive intent or through criminal negligence.

The law shall determine the cases in which the intent is otherwise charged against the offender as a consequence of his act of commission or omission.

In petty offenses each individual shall be responsible for his own knowing and willful act of commission or omission, regardless of whether it is committed with criminal intent or through criminal negligence.

*Sec. 43.* Mental element of an offense. An offense [shall be considered committed]:

with criminal intent (*doloso*) or intentionally when the offender has foreseen and desired, as a consequence of his own act of commission or omission, the injurious or dangerous occurrence which is the result of his act of commission or omission and upon which the law makes dependent the presence of the crime;

preterintentionally (*preterintenzionale*) or unintentionally (*contro l'intenzione*) when an injurious or dangerous occurrence derives from the act of commission or omission which is more serious than the one desired by the offender;

through criminal negligence (*colposo*) or unintentionally (*contro l'intensione*) when the offender did not desire, although he foresaw, the occurrence which took place as a result of criminal negligence, imprudence, or lack of skill, or failure to abide by laws, regulations, orders or instructions.

The distinction between an offense committed with criminal intent and one committed through criminal negligence established by the present section for crimes, shall apply also to petty offenses whenever, in regard to these, the penal law makes a legal effect dependent upon such a distinction.