[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 30, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-12793
Non-Argument Calendar

_____

Agency No. A74-253-600

JOHN MCINTOSH,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 30, 2005)

Before TJOFLAT, DUBINA, and BARKETT, Circuit Judges.

PER CURIAM:

John McIntosh, through counsel, petitions this Court for review of the Board

of Immigration Appeals ("BIA")'s order denying his application for adjustment of

status, Immigration and Nationality Act ("INA") § 245, and application for waiver of inadmissibility, INA § 242(h). McIntosh, a Canadian citizen and national, was found inadmissible and statutorily ineligible for a waiver of inadmissiblity by the BIA, based upon his 1986 Canadian conviction for smuggling a controlled substance for the purpose of trafficking, and despite evidence that he received a pardon for that conviction in 2001.

On appeal, McIntosh argues that the immigration judge ("IJ") failed to consider the psychologist's report he submitted concerning the extreme hardship to his daughter that would result from his removal. He argues that his wife was diagnosed with trigeminal neuralgia after the hearing before the IJ, and that the diagnosis would result in extreme hardship to her. McIntosh makes the following constitutional arguments: (1) the hardships imposed on his U.S. citizen wife and daughter are extreme and would result in hardship violative of his due process rights; and (2) the rejection of his Canadian pardon deprived him of his constitutional right to equal protection. McIntosh also makes the legal, non-constitutional arguments that (1) the IJ incorrectly determined that his removal would not result in extreme hardship to his family, and (2) rejection of his Canadian pardon is "unreasonable and arbitrary."

**Discussion**

Even if we ultimately lack subject-matter jurisdiction over a petition for

2

review, we retain jurisdiction to determine whether or not that subject-matter jurisdiction exists. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002) ("because judicial review is limited by statutory conditions, we retain jurisdiction to determine only whether these conditions exist.").

Pursuant to INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), "Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against any alien who is removable by reason of having committed a criminal offense covered in [8 U.S.C. §] 1182(a)(2) or . . . 1227(a)(2)(B) . . . ." Section 1182(a)(2)(A)(II) includes any law of a foreign country related to a controlled substance offense. Section 1227(a)(2)(B) includes any law of a foreign country relating to controlled substances, with the exception of a single offense of simple possession of less than 30 grams of marijuana. However, INA § 242(a)(2)(D), 8 U.S.C. §1252(a)(2)(D) provides that "[N]othing in subparagraph (C) . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." Thus, due to his drug trafficking conviction, we are barred from reviewing McIntosh's petition for review, except to the extent that he raises constitutional issues or questions of law. See INA § 242(a)(2)(C)-(D), 8 U.S.C. § 1252(a)(2)(C)-(D).

3

McIntosh's first constitutional argument is without merit. McIntosh does not explain how he was or would be deprived of his due process rights and this record reflects that McIntosh and his wife and daughter have had ample process throughout his removal proceedings, with opportunities to present their claims before the immigration judge, the BIA, and this Court.

For his second constitutional argument, concerning equal protection, McIntosh does not specify the classification he challenges or cite to binding authority for the proposition that the BIA's rejection of his pardon violates his equal protection rights. To the contrary, we previously have held that, "for purposes of the United States immigration laws, a foreign pardon, in itself, does not wipe out an alien's foreign conviction or relieve him from the disabilities which flow therefrom." Mullen-Cofee v. I.N.S., 976 F.2d 1375, 1379 (11th Cir. 1992) (quoting Marino v. I.N.S., 537 F.2d 686, 691 (2d Cir.1976); and citing Matter of M, 9 I. & N. Dec. 132, 134 (BIA 1960)).

McIntosh points out that we did not consider an equal protection challenge to the BIA's action in Mullen-Cofee and cites the Ninth Circuit decision in Dillingham v. I.N.S., 267 F.3d 996 (9th Cir. 2001), in support of his argument. However, Dillingham is distinguishable from the instant case. In Dillingham, the offense was a "simple drug possession offense that would have qualified for federal first offender treatment had it occurred in the United States," and the

conviction had been expunged by the British government. Dillingham, 267 F.3d at 1000-01. The fact that Dillingham was convicted only of simple possession was key to the holding in that case, as the Court analyzed the Equal Protection implications of not recognizing a foreign expungement of a simple possession conviction where the United States had a similar statute, the Federal First Offender Act, expunging convictions of for first-time drug offenders guilty only of a simple possession charge. Id. at 1005-08. McIntosh, unlike the defendant in Dillingham, was not convicted of simple possession, but was convicted of smuggling 1,000 grams of a controlled substance for the purpose of trafficking it, and was sentenced to 15 months' imprisonment. Dillingham is therefore distinguishable.

Finally, McIntosh cannot prevail on his legal, non-constitutional arguments concerning the IJ's determination that extreme hardship to his U.S. citizen wife and daughter would result, and that the BIA's rejection of his Canadian pardon was unreasonable. The BIA correctly determined that McIntosh was statutorily ineligible for a INA § 212(h) waiver of inadmissibility. Although INA § 212(h)(1)(B) allows waivers of inadmissibility based upon the extreme hardship that would result to an alien's U.S. citizen spouse, child, or parent, such a waiver is limited to aliens who were deemed inadmissible under INA § 212(a)(2)(A)(i)(I), (II), (B), (D), and (E), and specifically excludes INA § 212(a)(2)(C). See INA § 212(h). McIntosh is inadmissible based upon INA § 212(a)(2)(C) as a controlled

5

substance trafficker.  INA § 212(a)(2)(C); <u>see also</u> AR at 2, 83-84.  Moreover, as noted earlier, it cannot be said that the BIA's rejection of his Canadian pardon was unreasonable as we have held in <u>Mullen-Cofee</u>, that a foreign pardon does not "wipe out" and alien's foreign conviction for immigration purposes.  <u>Mullen-Cofee</u>, 976 F.2d at 1379.

**PETITION DENIED.**