**Nicola MONTEMURRO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 23505.**

United States Court of Appeals Ninth Circuit.

April 15, 1969.

David C. Marcus (argued), Los Angeles, Cal., for petitioner.

Herbert M. Schoenberg (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Frederick M. Brosio, Asst. U. S. Atty., Los Angeles, Cal., Joseph Sureck, Regional Counsel, San Pedro, Cal., Stephen Suffin, I. N. S., San Francisco, Cal., Ramsey Clark, Atty. Gen., Washington, D. C., for respondent.

Before: CHAMBERS and KOELSCH, Circuit Judges, and BYRNE,* District Judge.

PER CURIAM:

At his deportation proceeding Nicola Montemurro, an Italian national, applied for an adjustment of status from nonimmigrant visitor to that of an alien lawfully admitted for permanent residence.

* Hon. William M. Byrne, United States District Judge, Los Angeles, California, sitting by designation.

(8 U.S.C. § 1255). His application was rested upon the contention that he was the "spouse" of one Maria Elcira Ardiles, an Argentine national who had previously been lawfully admitted into the United States for permanent residence, and was therefore "a special immigrant" within the meaning of 8 U.S.C. § 1101(a) (27) (A), entitled to such adjustment and to the preference priority provided by 8 U.S.C. § 1153(a) (2).

The Special Inquiry Officer, declining to recognize as valid a Mexican divorce which Montemurro had secured from his wife Anna immediately before marrying Maria, concluded that Montemurro was not the latter woman's spouse. He rejected Montemurro's application and ordered him deported.

The Board of Immigration Appeals agreed with the Inquiry Officer and dismissed the appeal. The matter is here on Montemurro's petition to judicially review that order. (8 U.S.C. § 1105a).

The burden rested upon Montemurro to establish eligibility for adjustment of status (C.F.R. 242.17(d)); he was thus required to prove the validity of his marriage to Maria; and, since this marriage post-dated his marriage to Anna, it was incumbent upon him to show the latter no longer existed.

The Mexican divorce decree was not entitled to recognition by virtue of the Full Faith and Credit Clause of the Constitution (Art. IV, Sec. I) but rather was governed by considerations of comity. "Thus, under comity—as contrasted with full faith and credit—our courts have power to deny even prima facie validity to the judgments of foreign countries for policy reasons, despite whatever allegations of jurisdiction may appear on the face of such foreign judgments." Rosenbaum v. Rosenbaum, 309 N.Y. 371, 130 N.E.2d 902, 54 A.L.R.2d 1232 (1955).

The evidence in this record is undisputed that neither Montemurro nor Anna were ever domiciliaries of Mexico and that Montemurro was present in the United States during the entire divorce "proceeding." And "It is clearly offensive to the policy of all states to recognize a decree granted by a forum in which neither party has ever been present and in which no tie with the marriage has ever been acquired." "Mexican Divorce—a Survey." 33 Fordham Law Rev. 449, 453 (1933).

The order is affirmed.