MATTER OF GUTIERREZ

In Deportation Proceedings

A–14176560

*Decided by Board September 25, 1973*

An alien's deportation from the United States does not deprive his minor citizen children of any rights under the Constitution.

CHARGE:

Order: Act of 1952 — Section 241(a)(1) [8 U.S.C. 1251(a)(1)] —Excludable as immigrant without valid immigrant visa.

ON BEHALF OF RESPONDENT: Robert L. Millard, Esquire
El Paso Legal Assistance
Society
109 North Oregon Street
El Paso, Texas 79901

This is an appeal from an order of an immigration judge denying the respondent's application for suspension of deportation and voluntary departure. The appeal will be dismissed.

The respondent is a 31-year-old married male alien, a native and citizen of Mexico, who last entered the United States on or about July 6, 1972. He was not then in possession of a valid nonimmigrant visa or border-crossing identification card and was not exempted from the possession thereof. Further, he entered the United States for the purpose of residing here and has not been admitted into the United States for permanent residence. The immigration judge found the respondent deportable under section 241(a)(1) of the Immigration and Nationality Act. Our review of the record satisfies us that deportability is established by evidence which is clear, convincing and unequivocal.

The facts have been fully stated in the immigration judge's opinion and need not be repeated. After carefully appraising the evidence in the light of pertinent legal principles, the immigration judge concluded that the respondent is statutorily ineligible for (1) the privilege of suspension of deportation; and (2) the privilege of voluntary departure.

On appeal counsel contends (1) that the respondent is entitled to suspension of deportation because deportation would result in cruel and unusual punishment to the respondent and his United States citizen children; (2) that the respondent's deportation and exclusion is based on a conviction secured by a Mexican court without due process of law; (3) that the respondent's deportation unjustly discriminates against his United States citizen children in violation of the Fifth Amendment; (4) that the deportation of the respondent is, in effect, the deportation of his dependent United States citizen children, contrary to the Fifth Amendment, and deprives the children of life, liberty and property without due process of law; and (5) that the deportation of the respondent is in fact deportation of the children and is contrary to the Thirteenth Amendment of the United States Constitution.

We reject counsel's contentions that these proceedings deprive the respondent, and his United States citizen children, of due process of law under the Fifth Amendment to the Constitution of the United States, constitute cruel and unusual punishment in violation of the Eighth Amendment to the Constitution, and are violative of the Thirteenth Amendment to the Constitution because such contentions properly rest in the courts rather than this administrative tribunal, *Matter of H—*, 3 I. & N. Dec. 411, 456 (BIA 1949), *Matter of L—*, 4 I. & N. Dec. 556, 557 (BIA 1951).

Understandably, the respondent's children will suffer some hardship if their father is deported. Nevertheless, it is one of the incidents of this situation, and is not due to any act or conduct of the Government. Contrary to assertions in respondent's brief on appeal, respondent's deportation does not deprive his minor citizen children of any rights under the Constitution. See *Application of Amoury*, 307 F.Supp. 213 (S.D.N.Y. 1969); *Perdido* v. *INS*, 420 F.2d 1179 (C.A. 5, 1969); *Aalund* v. *Marshall*, 323 F.Supp. 1380 (E.D. Texas 1971), aff'd 469 F.2d 1405 (C.A. 5, 1973); *Dayao* v. *Staley*, 303 F.Supp. 16 (S.D. Texas 1969).

We reject counsel's contention that it was incumbent on the Service to show that United States constitutional standards were applied to the foreign conviction which serves as a basis for denial of suspension of deportation. First, since the respondent was convicted of the offense of unlawful possession of a narcotic drug, to wit, marijuana, we are bound by the criminal record and may not go behind it, *Giammario* v. *Hurney*, 311 F.2d 285 (C.A. 3, 1962); *Rassano* v. *INS*, 377 F.2d 971, 974 (C.A. 7, 1966). Second, there is no requirement that a foreign conviction must conform to constitutional guarantees in the United States, *Matter of M—*, 9 I. & N. Dec. 132 (BIA 1960).

The immigration judge denied the respondent suspension of

deportation pursuant to section 244(a)(1) of the Act because of the marijuana conviction, the respondent was precluded from establishing the requisite good moral character for the past seven years under the provisions of section 101(f)(3) of the Act, and further because he has failed to establish the requisite seven years of physical presence in the United States. The immigration judge also denied the respondent's application for voluntary departure because the respondent could not establish that he was a person of good moral character for the five-year period as required under section 244(e) of the Act. The immigration judge concluded that the conviction barred, as a matter of law, a finding of good moral character by virtue of section 101(f)(3). We agree with the immigration judge's conclusions. Hence, respondent's appeal is without merit and must be dismissed. The following order will accordingly be entered.

**ORDER:** The appeal is dismissed.