## MATTER OF MARINO

### In Deportation Proceedings

#### A-19499685

*Decided by Board April 30, 1975*

Respondent was found deportable under the provisions of section 241(a)(2), of the Immigration and Nationality Act, as a nonimmigrant visitor who had remained longer than authorized. At a reopened hearing respondent's application for adjustment of status under section 245 of the Act was denied because he was excludable under section 212(a)(9) of the Act, as one who had been convicted of a crime of moral turpitude. The appeal is dismissed. Respondent contended that his conviction in Italy of fraudulent destruction of his own property was (1) not a final conviction, as when he appealed the conviction, an Italian presidential decree of amnesty extinguished the crime, and (2) the conduct was in any event a petty offense because the penalty assessed was only six months in jail. The foreign amnesty is ineffective to prevent deportation. In determining whether the conviction for the crime under Article 642 of the Italian Penal Code was a felony or misdemeanor, the equivalent United States crime most comparable is the crime described in District of Columbia Code, 22–402 which is a felony. Therefore, the petty offense exception to section 212(a)(9) of the Act is not available to respondent.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor— remained longer.

ON BEHALF OF RESPONDENT:
Mario M. De Optatis, Esquire
253 Broadway
New York, New York 10007

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

This is an appeal from the January 30, 1973 decision of the immigration judge, made at a reopened hearing, in which he reaffirmed an earlier decision finding the respondent deportable, denied the respondent's application for adjustment of status on the ground that he was excludable under section 212(a)(9) of the Immigration and Nationality Act as a person who had been convicted of a crime involving moral turpitude, and regranted the privilege of voluntary departure. We agree with the immigration judge's excellent opinion; the appeal will be dismissed.

The respondent, a native and citizen of Italy, has applied for adjustment of status on the basis of an approved fifth preference visa petition

filed on his behalf by his sister. Standing in the way are the following facts. On December 6, 1962 the respondent was convicted in Italy under Article 642, Italian Penal Code, of fraudulent destruction of his own property.[1] He was sentenced to six months in prison and a fine of 100,000 lire, the equivalent of $160 at that time; the sentence was suspended for five years. He appealed the judgment on the day it was rendered. However, on March 8, 1963 the Italian court declared it "unnecessary to proceed. . . [with the appeal] by reason of the extinction of said crime following amnesty." (Exh. 7.)

On appeal counsel contends that the conviction on the basis of which the respondent has been found ineligible for adjustment of status lacks the requisite finality, because a direct appeal from the conviction was pending when a presidential decree of amnesty extinguished the crime, cutting off the respondent's opportunity to vindicate himself on appeal. He states that the right to appeal a conviction is a basic right, and he cites several New York State cases and *Will v. INS*, 447 F.2d 529 (C.A. 7, 1971). In *Will* the court held that as long as a direct appeal was pending from the alien's conviction, the alien had not been "convicted" with the requisite finality to support deportation. Counsel further asserts that even if there was a final conviction, the comparable crime in the United States is a misdemeanor classifiable as a petty offense and therefore an exception to section 212(a)(9) of the Act.

It has often been held that a foreign amnesty or pardon is ineffective to prevent exclusion or deportation. *U.S. ex rel. Palermo v. Smith*, 17 F.2d 534, 535 (C.A. 2, 1927); *Matter of Adamo*, 10 I. & N. Dec. 593 (BIA 1964); *Matter of B—*, 7 I. & N. Dec. 155 (BIA 1956); *Matter of M—*, 9 I. & N. Dec. 132, 134 (BIA 1960); *Matter of G—*, 5 I. & N. Dec. 129 (BIA 1953). Moreover, in *Will v. INS*, supra, the conviction, the finality of which was in issue, was the basis for the finding of deportability. The burden was on the Immigration and Naturalization Service to prove deportability by clear, convincing, and unequivocal evidence. *Woodby v. INS*, 385 U.S. 276 (1966). In the instant case, however, deportability is conceded. The question of the finality of the conviction has arisen in the context of an application for adjustment of status. An application for adjustment of status bears the burden of proving that he is eligible for such relief and that discretion should be exercised in his behalf. 8 CFR 242.17(d); *Cabrera v. INS*, 415 F.2d 1096 (C.A. 9, 1969); *Montemurro v. INS*, 409 F.2d 832 (C.A. 9, 1969). The respondent's appeal is no longer pending. His conviction appears to us to be final; he has not proven to us that it was not. Furthermore, even if, as counsel contends, the Italian

---

[1] Whoever, for the purpose of gaining for himself or others the premium of an insurance against accidents, destroys, disperses, deteriorates or hides objects of his own property, is punished with prison of six months to three years and with a fine up to 400,000 lire. . . . (Exh. 9A translation.)

procedure of dismissing pending appeals upon the granting of amnesty deprives persons such as the respondent of rights that are considered basic in American law, there is no requirement that a foreign conviction must conform to rights guaranteed by statute in the United States. Cf. *Matter of Gutierrez,* 14 I. & N. Dec. 457 (BIA 1973); *Matter of M—,* supra. We agree with the immigration judge that the respondent's conviction was final for immigration purposes.

Counsel maintains that in determining whether the crime in question was a felony or a misdemeanor, the immigration judge erred in his choice of an equivalent United States crime. The immigration judge found Article 642 of the Italian Penal Code to be most comparable with District of Columbia Code 22–402 (not 22–401, as counsel erroneously asserts), burning one's own property with intent to defraud or.injure another.[2] Counsel compares the crime with the New York crime of reckless endangerment of property.

To determine whether a crime committed in a foreign country should be classified as a felony or a misdemeanor, the offense is examined in the light of the maximum punishment imposable for an equivalent crime described in Title 18 of the United States Code or, if an equivalent offense is not found there, Title 22 of the District of Columbia Code. *Giammario* v. *Hurney,* 311 F.2d 285 (C.A. 3, 1962); *Matter of Grazley,* 14 I. & N. Dec. 330 (BIA 1973); *Matter of T—,* 6 I. & N. Dec. 508, 517 (A.G. 1955). A misdemeanor is any offense other than one punishable by death or by imprisonment for a term exceeding one year. 18 U.S.C. sections (1), (2).

There is no crime equivalent to Article 642 in Title 18 of the United States Code. We agree with the immigration judge that section 22–402 of the District of Columbia Code is the provision most nearly equivalent to the Italian statute under which the respondent was convicted. It is clearly a felony, carrying a maximum penalty of 15 years in prison. It differs from the Italian statute mainly in that (1) it covers destruction by fire only and not by any other means, while the Italian provision does not mention the means of destruction; and (2) it makes no specific mention of insurance. However, there is nothing on the face of the statute to indicate that it would not be applied in a situation where the property was burned so that the perpetrator could collect the insurance. Since the respondent was convicted of a crime involving moral turpitude which was a felony, the petty offense exception to section 212(a)(9) of the Act is not available to him.

---

[2] Whoever maliciously burns or sets fire to any dwelling, shop, barn, stable, store, or warehouse or other building, or any steamboat, vessel, canal boat, or other watercraft, or any goods, wares, or merchandise, the same being his own property, in whole or in part, with intent to defraud or injure any other person, shall be imprisoned for not more than fifteen years.

We find counsel's other contentions to be without merit.

For the foregoing reasons we find that the respondent has not sustained his burden to establish that he is eligible for adjustment of status under section 245 of the Act. Accordingly, we shall dismiss his appeal.

ORDER: The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within such time and under such conditions as the district director may direct; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.

Irving A. Appleman, Board Member, abstained from consideration of this case.