**Hilda Cortes GONZALEZ, Plaintiff,**

v.

**Isaac BERAHA, Defendant.**

**No. CV 77–0420–B.**

United States District Court,
D. Canal Zone,
Balboa Division.

May 12, 1978.

James R. Innis, Balboa, Canal Zone, for plaintiff.

Henry L. Newell, Balboa, Canal Zone, for defendant.

## OPINION

CHARLES R. SCOTT, Senior District Judge.

Plaintiff and defendant are wife and husband respectively. They are both citizens of Panama and were married in Panama on June 20, 1953. After that they moved to Los Angeles, California. In 1965, they were divorced by a decree of the Panama courts. That divorce decree awarded plaintiff $206.00 per month in child support for the two children, Patsy and Isaac. Patsy is a United States citizen, under eighteen years of age, and a senior at Stamford, Connecticut High School. Isaac is twenty years old and a student at the University of Panama.

In addition to being a citizen of Panama, defendant resides in Panama. He is, however, an employee of the Panama Canal Company, earning approximately $5.00 per hour. Plaintiff, although a citizen of Panama, has remarried and is a resident of San Francisco. She seeks from this Court a modification of the Panama court's divorce decree, increasing the amount of child support from defendant.

### Jurisdiction

The Court's jurisdiction is properly invoked. 5 Canal Zone Code § 121 provides for jurisdiction between non-residents in a civil action brought against a party who "is engaged in business or is employed within the territorial limits" of the Canal Zone. Since defendant is an employee of the Panama Canal Company, there is no question that he is employed within the territory of the Canal Zone and that the Court, therefore, has jurisdiction over this action against him.

### Foreign Judgment

Within the United States, the recognition by one state of a foreign judgment by another state is constitutionally required by the Full Faith and Credit Clause. U.S. Const. Art. IV, § 1. The judgments by courts of foreign nations, are recognized by virtue of the principles of comity among nations. *Williams v. North Carolina,* 325 U.S. 226, 228 and n. 4, 65 S.Ct. 1092, 1094, 89 L.Ed. 1577, 1581 and n. 4 (1945); *Montemurro v. INS,* 409 F.2d 832, 833 (9th Cir.

1969); *Borax' Estate v. Commissioner,* 349 F.2d 666, 670 (2d Cir. 1965), *cert. denied* 383 U.S. 935, 86 S.Ct. 1064, 15 L.Ed.2d 852 (1966); *Prudential Ins. Co. v. Lewis,* 306 F.Supp. 1177, 1180 (N.D.Ala.1969). The notion of comity is a "fluid, ill-defined concept." *Williams v. North Carolina,* 325 U.S. at 228, 65 S.Ct. at 1094, 89 L.Ed. at 1581. Generally, questions about comity are discretionary decisions for "the courts of the jurisdiction in which recognition of a decree of a foreign country is sought." *Prudential Ins. Co. v. Lewis,* 306 F.Supp. at 1180.

■ Besides the principle of comity among nations, however, federal law concerning the Canal Zone requires this Court to recognize the judgment of a foreign country's courts, giving them "the same effect as final judgments rendered in the Canal Zone." 5 Canal Zone Code, § 3198. *See also Lucas v. Lucas,* 232 F.Supp. 466, 470 (D.C.Z.1964). There is no question, therefore, that the final divorce decree of the Panama courts in 1965 should, and will, be recognized by this Court in this case.

### Abstention, Comity, and Venue

The initial question raised in this case, before the question on the merits is reached, is whether, under the principles of comity between nations, this Court should withhold the exercise of its jurisdiction, abstain from deciding on the merits the questions presented, and defer to the courts of Panama as the courts of primary and preferable jurisdiction, inasmuch as it is one of their final divorce decrees that plaintiff seeks to have, not only recognized, but modified. If this Court should abstain, and defer to the courts of Panama, as a matter of comity, then this case would be dismissed and plaintiff would have to commence an action in the Panama courts. If this Court, on the other hand, determines that principles of comity do not mandate abstention and deference to the concurrent jurisdiction of the Panama courts, then the questions raised on the merits of this case must be confronted.

A 1971 decision by this Court, *Villalobos v. Villalobos,* No. 76–22, is guiding authority. In *Villalobos v. Villalobos,* plaintiff and defendant were wife and husband respec-

tively, and both were citizens of Panama. They had been married in Panama and later obtained a divorce decree from the courts of Panama. That divorce decree granted the defendant, who had commenced the action in the Panama courts, a divorce; but it awarded custody of the two children to the wife. The Panama divorce decree contained no provision for either alimony or child support. Additionally, both plaintiff and defendant, despite their Panamanian citizenship, marriage, and divorce, were residents of the Canal Zone. Hence, this Court had jurisdiction over them because of their residence. The wife who had been the defendant in the Panamanian divorce action, commenced an action for divorce on her own as plaintiff in *Villalobos v. Villalobos,* before a final divorce decree was issued by the Panamanian courts. Nonetheless, the Panamanian divorce action proceeded to a final decree before this Court could hold a hearing in *Villalobos v. Villalobos.* In her action in this Court, however, she had sought child support and alimony as well as a divorce and custody of the children. This Court, recognizing its own jurisdiction, as well as that of the Panamanian courts over the matter, also recognized that the Panamanian courts had exercised their jurisdiction and proceeded to a final judgment first. Consequently, this Court recognized the final divorce decree of the Panamanian courts as valid and conclusive of the issues of dissolution and custody. Notwithstanding that recognition of the foreign divorce decree, this Court then proceeded to supplement that decree by ordering the provision of child support and the payment of attorney fees for the wife's attorney. The prayer for divorce relief, however, was dismissed since such relief had been granted earlier by the Panamanian divorce decree.

*Lucas v. Lucas,* 232 F.Supp. 466 (D.C.Z. 1964), is not really inconsistent with *Villalobos v. Villalobos, supra.* Plaintiff and defendant in *Lucas v. Lucas* were wife and husband respectively. The plaintiff-wife was a citizen of Panama and the defendant-husband was a U.S. citizen. They had been married in the Canal Zone and resided there continuously for eighteen years. In April, 1963, the husband filed a divorce action in

the Panama courts. Less than a month later, the wife filed a divorce action in this Court. In June, 1963, this Court issued a divorce decree, providing for monthly alimony and an attorney fee as well as costs. Notwithstanding the final decree of this Court, the husband continued to prosecute his divorce action in the Panama courts and obtained a final divorce decree in October, 1963 (four months after the final decree of divorce by this Court). One year after the divorce decree of this Court, the wife brought a contempt action in this Court against the husband for failure to pay the monthly alimony ordered by this Court's decree. The husband moved to dismiss the contempt proceedings in this Court on the ground that this Court's final divorce decree, one year earlier, was void and should be vacated because of the final divorce decree issued by the Panama court.

This Court considered the grant of exclusive jurisdiction to the United States over the Canal Zone by the 1903 treaty between Panama and the United States. *Id.* at 468–69. On the basis of that exclusive jurisdiction, Congress enacted the Canal Zone Code and created this Court and its jurisdiction to enforce that code. This Court then held that the proceedings of the Panama court, after this Court's final divorce decree, were an attempt to divest this Court of its exclusive jurisdiction within the Canal Zone. *Id.* at 472. A more precise analysis of that holding is that the failure of the Panama court to respect the fact that this Court had already proceeded to a final decree, and to recognize that final judgment and therefore refrain from any further proceedings, was an attempt to divest this Court of its exclusive jurisdiction which had resulted in a competent, final judgment. It was the failure of the Panama court to recognize and respect the final judgment of this Court that constituted an attempted encroachment upon this Court's exclusive jurisdiction in the Canal Zone.

■ That situation does not exist in this case, however. The final divorce decree of the Panama courts was issued more than fourteen years before plaintiff brought this action. Plaintiff does not seek to invalidate or thwart the effect of the final decree of the Panama courts. Instead, she asks the Court to recognize that decree, but to exercise its jurisdiction over defendant to modify that decree and increase the amount of child support ordered fourteen years earlier. The fact that both plaintiff and defendant are citizens of Panama, who were divorced in Panama, and that defendant is a resident of Panama as well, while plaintiff is a resident of the United States, does not count against (1) either this Court's jurisdiction over defendant as an employee of the Panama Canal Company within the Zone, or (2) this Court's duty to recognize the valid, final decree of divorce by the Panamanian courts. As a result, this Court will recognize and respect that decree, and will exercise its jurisdiction to decide the issue of modifying that decree.

*Merits: Modifying the Foreign Divorce Decree by Increasing Child Support Payments*

Under the Panamanian divorce decree of 1965, defendant was ordered to pay plaintiff child support in the amount of $206.00 per month. The record in this case, despite plaintiff's allegations to the contrary, reveals a certificate from the Panamanian courts that defendant is current in his child support payments. Defendant earns about $5.00 per hour, or about $200.00 per week, or $800.00 per month. That, roughly speaking, amounts to less than $10,000.00 per year.

Plaintiff seeks the Court to increase the child support payments to $200.00 per pay period (or $100.00 per child per pay period). Plaintiff's second husband earns about $500.00 a month, and is himself obligated for child support payments from an earlier marriage. The daughter, a senior at Stamford, Connecticut High School, will reach the age of majority August 1, 1978. She has dental expenses totaling $3,000.00. In addition, she intends to begin college. The son, a student at the University of Panama, in Panama City, has continuing educational expenses. He reached his age of majority more than two years ago.

■ Under these facts, the Court concludes that plaintiff's prayer for modification of the Panamanian divorce decree, by

increasing the amount of child support from defendant, is not justified. Approximately one-quarter of defendant's annual income is already obligated for child support payments by the 1965 Panamanian divorce decree. Although a father is under a duty to provide support for the care and welfare of his children, including their health and education, he is not under a duty to pay for their college education once they reach the age of majority. To be sure, the dental expenses of the daughter are an unfortunate emergency circumstance. Nonetheless, in view of the substantial percentage of defendant's income that is already provided as child support, the Court cannot justify requiring him to pay additional child support, much less the nearly 100% increase that plaintiff seeks. Consequently, the Court will deny plaintiff's prayer to modify the Panamanian divorce decree and order the increased child support. The Court will, however, order defendant to pay plaintiff's attorney a reasonable fee in the amount of $150.00.