*947 OPINION OF THE COURT
Lester E. Gerard, J.
Motion for summary judgment in lieu of a complaint is granted.
This action is brought on by the plaintiff, Walter Biel, based upon a judgment issued by the District Court of Itzehoe, Federal Republic of Germany, on October 25, 1973 against Heinrich Plueckhahn for the sum of $16,778.75 with 4% interest thereon from March 16, 1973. On June 22, 1976, after the death of Heinrich Plueckhahn, this same tribunal ordered that the execution on this judgment may be had against Joachim Boehm, the defendant herein and legal successor of Heinrich Plueckhahn, the original judgment debtor.
The plaintiff has supplied the court with an affidavit of Dr. Alfred Goldberger, Esq., who translated and interpreted the judgment of the District Court of Itzehoe. Dr. Goldberger was born and educated in Germany and is admitted to the German Bar and thus would be considered for this motion an expert on German law. He affirms that the judgment is final and conclusive as to the merits under German law, and it directs Heinrich Plueckhahn to pay the plaintiff the sum of $16,778.75 plus 4% interest from March 15, 1973. The District Court was a court of competent jurisdiction because the complaint involved an amount in excess of DM 1,500 and because the defendant resided within the boundaries of the court’s authority. (German Courts’ Pro Act, §§ 23, 71.) Further, under sections 325 and 727 of the German Civil Code execution may be had against the successor-in-law of a judgment debtor, in this case Joachim Boehm, provided the succession is proven by submission of a public document. The certificate of inheritance, a copy of which has been supplied to this court, wherein the Surrogate’s Court Elmshorn certified that Joachim Boehm was the sole beneficiary and heir of Heinrich Plueckhahn, is such a public document. Thereafter the court, which rendered the original judgment against Heinrich Plueckhahn, issued an exemplified copy of the judgment to the plaintiff permitting execution on the judgment against the successor-in-law of the original judgment debtor. This exemplified copy of the judgment was served on Joachim Boehm on July 5, 1975. Therefore, the judgment of the District Court of Itzehoe under German law is final, conclusive and enforceable against Joachim Boehm.
Presently, a motion has been made by the plaintiff based *948 upon this foreign judgment for summary judgment in lieu of a complaint. Prior to the service on the defendant personally in Germany of the summons, notice of motion and papers, an order of attachment was granted ex parte against the defendant on certain properties located in New York State on December 21, 1977. This attachment was sought in order to gain quasi in rem jurisdiction over the defendant under CPLR 314 (subd 3). The issue presented to this court is threefold: (1) does the plaintiff with a foreign country judgment with in personam jurisdiction need the attachment process and quasi in rem jurisdiction to enforce the judgment against properties located in New York? (2) what effect does the Shaffer v Heitner case (433 US 186, supra) have upon the status of the quasi in rem jurisdiction as applied in this case? and (3) if the jurisdiction is necessary and available, should this court grant the motion for summary judgment in lieu of a complaint based upon this foreign judgment?
As to the first issue, it seems clear that a plaintiff armed with a foreign country judgment must establish some basis of jurisdiction over the defendant before enforcing the judgment. Before reaching the jurisdictional problem, a foreign country judgment must pass muster as to other prerequisite standards before it is recognized in New York. The judgment must be final, conclusive and enforceable where rendered (CPLR 5302) and then it is conclusive between the parties to the extent that it grants or denies recovery of a sum of money (CPLR 5303). The foreign country judgment has been shown to fulfill these statutory prerequisites and thus is recognized and accepted in the State of New York. However, recognition is only the first step in the process of enforceability of the judgment against properties of the defendant located in this State. Under CPLR 5401 and 5402, "a copy of any foreign judgment authenticated in accordance with an act of congress or the statutes of this state may be filed within ninety days of the date of authentication in the office of any county clerk of the state. The clerk shall treat the foreign judgment in the same manner as a judgment of the supreme court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of the supreme court of the state and may be enforced or satisfied in like manner.” In this situation, the only issue is whether proper jurisdiction had been established under the foreign judgment so as to bind the *949 defendant. New York will then recognize the judgment’s validity and allow the use of its enforcement procedures through the mere filing of it in any county in the State. However, this statute does not apply to foreign country judgments, whose status is controlled by CPLR article 53. Therefore, New York State discriminates against the foreign country judgments and places a more substantive burden upon the plaintiff whether a New York resident or a foreigner in attempting to enforce his judgment. Under CPLR 5303, "a foreign judgment is enforceable by an action on the judgment, a motion for summary judgment in lieu of a complaint, or in a pending action by counterclaim, cross-claim or affirmative defense.” Thus, under the above procedure, a plaintiff, whether a resident or nonresident of New York, with a recognized foreign country judgment may only enforce this judgment after securing some jurisdictional basis over the defendant in this State.
Thus faced with the obligation of securing a jurisdictional basis, the plaintiff obtained an ex parte order of attachment under CPLR article 62 of property of the defendant located in the State of New York to establish quasi in rem jurisdiction over the defendant under the authority of CPLR 314. The Sheriff of the County of Suffolk then levied upon this property by serving a certified copy of the order and notice of levy upon Mr. Robert A. Goodwin, a partner in the law firm of Goodwin, Shult and Goodwin. The properties in question are funds in the amount of $22,760.24, which are being held in escrow for Joachim Boehm, the defendant in this lawsuit by the above firm. Personal service of the attachment order, this present motion and other related papers were made upon Joachim Boehm by Henry O. Leichter, Esq., on March 9, 1978 at approximately 11:45 a.m. at apartment II/R, 18 Masurenring, Kiel, Federal Republic of Germany. Under CPLR 314, "service may be made without the state by any person authorized by section 313 in the same manner as service is made within the state: * * * where a levy upon property of the person to be served has been made within the state pursuant to an order of attachment”. This process gains quasi in rem but not in personam jurisdiction over the defendant, so that any New York judgment can be satisfied only through the property levied upon. This would be the termination of the problem except for the Supreme Court decision in Shaffer v Heitner (433 US 186, supra).
*950 In Shaffer v Heitner, the plaintiff commenced a shareholder’s derivative action against a corporation’s officers and directors. The faithless acts, which the defendants allegedly committed occurred in Oregon. The suit however was commenced in Delaware where plaintiff obtained an order of sequestration (the same as an order of attachment in New York); and he levied thereunder by seizing shares of defendant’s stock that were not physically present in Delaware, but were deemed to be located there under a Delaware statute making Delaware the situs of ownership of all stock of Delaware corporations (Delaware Code Ann, tit 8, § 169). The defendants moved to dismiss the action on the ground that their only contact with Delaware was the stock ownership and that it would violate due process to subject them to quasi in rem jurisdiction based on so minimal a contact. The Supreme Court held that the mere fortuitous presence of property within a State is a constitutionally insufficient basis for jurisdiction to sue a defendant. Jurisdiction over the property means jurisdiction over the interests of the person in the property. The standard for determining whether an exercise of jurisdiction over the interests of the person is consistent with the due process clause is the minimum contacts standard elucidated in International Shoe Co. v Washington (326 US 310, 316). "Due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice. Milliken v. Meyer, 311 U.S. 457, 463’ ”. Thus, the court has extended the minimum contacts theory into the realm of in rem jurisdiction, with the emphasis being placed on "fair play and substantial justice.” Does this mean that quasi in rem jurisdiction is no longer available to a plaintiff in any situation? I think not. The court in its decision is eliminating the abusive utilization of the quasi in rem jurisdiction by the plaintiff in seeking a noninterested forum as the situs for the litigation of his cause, especially where the only contact with the forum State is the fortuitous presence of the defendant’s property.
However, it did not entirely emasculate the use of quasi in rem jurisdiction, and indicated that there were certain exceptions to the general rule of unconstitutionality. In its opinion, the court stated that "once it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an *951 action to realize on that debt in a State where the defendant has property, whether or not that state would have jurisdiction to determine the existence of the debt as an original matter.” (Shaffer v Heitner, 433 US 186, 210-211, n 36, supra.) Clearly, the court is differentiating the prejudgment attachment to the postforeign judgment attachment as a basis for jurisdiction in the forum State where the location of the property is the only contact. Justice Powell stated in his concurring opinion that "I would explicitly reserve judgment, however, on whether the ownership of some forms of property, whose situs is indisputably and permanently located within a State, may, without more, provide the contacts necessary to subject a defendant to jurisdiction within the State to the extent of the value of the property.” (Shaffer v Heitner, supra, p 217.) Justice Stevens went on to add, "I agree with Mr. Justice Powell that it should not be read to invalidate in rem jurisdiction where real estate is involved. I would also not read it as invalidating other long-accepted methods of acquiring jurisdiction over persons with adequate notice of both the particular controversy and the fact that their local activities might subject them to suit.” (Shaffer v Heitner, supra, p 219.) Even though this decision has shaken the quasi in rem jurisdiction to its conceptual underpinnings, it has not yet toppled.
The motion and situation before this court must fall within the carved out exceptions for allowing quasi in rem jurisdiction. The case is unique in that we are not dealing with a foreign State, but a foreign country judgment. The jurisdictional problem only arises in this situation since a sister State judgment need merely be filed to become enforceable in this State. Without permitting the attachment and levy process as a basis for quasi in rem jurisdiction, the plaintiff, seeking to enforce a recognized foreign country judgment, would be barred a forum unless he could gain a basis for in personam jurisdiction. Justice and fair play are not being served by permitting such a situation to exist. Thus, this case must stand for the proposition that the quasi in rem jurisdiction is alive and well in certain situations.
Therefore, based upon the above recitation, this court grants the motion for summary judgment in lieu of a complaint under CPLR 3213 and orders that a judgment be entered for the plaintiff and against the defendant in the amount of $16,778.75 with 4% interest from March 16, 1973.