748 P.2d 984

**Theresa WATSON, Petitioner–Appellant,**

**v.**

**Brian BLAKELY, Respondent–Appellee.**

**No. 9860.**

Court of Appeals of New Mexico.

Dec. 29, 1987.

George Moore, Moore, Jennie Deden Behles, P.A., Albuquerque, for petitioner-appellant.

Bruce Herr, Montgomery & Andrews, P.A., Santa Fe, for respondent-appellee.

## OPINION

DONNELLY, Chief Judge.

Petitioner appeals from a district court judgment interpreting a marital settlement and child custody agreement entered into between the parties and ratified by a divorce decree entered in the Dominican Republic. The dispositive issues are under what circumstances a foreign divorce decree and the agreement of the parties approved therein are subject to enforcement in New Mexico, and whether the judgment of the trial court below is a final judgment subject to appeal. We reverse and remand.

Petitioner and respondent were married in South Carolina in 1976. In 1982, the parties separated while they were residing in Saudi Arabia. Petitioner and the three minor children of the parties returned to South Carolina. Petitioner employed an attorney to prepare a proposed marital settlement and child custody agreement. The agreement was approved and signed by the parties on March 12, 1982. Thereafter, the parties were divorced in the Dominican Republic.

The foreign divorce decree ordered the parties to comply with the provisions of the decree and the agreement. Following the divorce, petitioner remarried and moved to New Mexico with the children. Respondent returned to his employment in Saudi Arabia.

On March 13, 1986, petitioner filed a petition in the district court of Santa Fe County seeking, inter alia, to have the court grant comity to the final divorce decree; to enforce the divorce decree and agreement within New Mexico; to obtain judgment against respondent for child support arrearages; to increase child support; and to award costs and attorney's fees.

Respondent submitted to the personal jurisdiction of the New Mexico court, opposed the relief sought by petitioner, and

counterclaimed, seeking an order requiring petitioner to account for monies previously paid for child support. The parties then stipulated to joint custody and a parenting plan, and requested that the stipulation be incorporated into the court's final judgment. Thereafter, the parties presented evidence on the issue of child support arrearages, modification of child support, and respondent's claim for an accounting.

The trial court entered judgment modifying the prior agreement of the parties, ordering joint custody of the three children, directing that respondent pay $1,134 per month for child support, and awarding petitioner the sum of $2,885 in child support arrearages.

## I. ENFORCEMENT OF FOREIGN JUDGMENT

On appeal, petitioner challenges the New Mexico court's interpretation of the prior agreement of the parties, the amount awarded for child support, and the trial court's refusal to award attorney's fees and costs. Neither party has raised any issue on appeal concerning the procedure followed by the trial court in modifying their prior agreement. However, since this issue affects the finality of judgment, this court must consider the matter on its own motion. *See Pacheco v. Pacheco*, 92 N.M. 486, 484 P.2d 328 (1971).

■ Resolution of the issues raised by petitioner on appeal requires that we consider under what circumstances a New Mexico district court may enforce a foreign divorce decree and marital settlement agreement. Generally, a final divorce decree entered by a court of competent jurisdiction in another state containing provisions for child custody and child support will be enforced in New Mexico courts under the full faith and credit clause of the United States Constitution, where the state in which it was rendered had jurisdiction to act in the case, and the parties were accorded a reasonable opportunity to fully litigate the issues involved. *See Corliss v. Corliss,* 89 N.M. 235, 549 P.2d 1070 (1976); *Lorenzo v. Lorenzo,* 85 N.M. 305, 512 P.2d 65 (1973); *Altman v. Altman,* 101 N.M. 380, 683 P.2d 62 (Ct.App.1984); *see also* U.S. Const. art. IV, § 1.

■ The full faith and credit clause, however, does not apply to judgments obtained in foreign countries or to marital agreements approved therein. *Golden v. Golden,* 41 N.M. 356, 68 P.2d 928 (1937); *see also Feinberg v. Feinberg,* 40 N.Y.2d 124, 386 N.Y.S.2d 77, 351 N.E.2d 725 (1976), *on remand,* 96 Misc.2d 443, 409 N.Y.S.2d 365 (1978) (discussing foreign judgment rendered in the Dominican Republic); *Southern v. Southern,* 43 N.C. App. 159, 258 S.E.2d 422 (1979); *Hyde v. Hyde,* 562 S.W.2d 194 (Tenn.1978) (involving foreign judgment rendered in the Dominican Republic); *see generally United States Practice Concerning the Recognition of Foreign Judgments,* 16 Int'l Law. 425 (1982); *Judgment of Court of Foreign Country as Entitled to Enforcement or Extraterritorial Effect in State Court,* 13 A.L.R.4th 1109 (1982); Restatement (Second) Conflict of Laws, § 98 (1971). *Compare* NMSA 1978, § 39–1–17 (prohibiting enforcement of foreign judgments based upon confessions of judgment). Recognition of foreign judgments is generally subject to principles of comity. *See Hilton v. Guyot,* 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95 (1895); *Somportex Ltd. v. Philadelphia Chewing Gum Corp.,* 453 F.2d 435 (3rd Cir.1971), *cert. denied,* 405 U.S. 1017, 92 S.Ct. 1294; 31 L.Ed.2d 479 (1972); *Basiouny v. Basiouny,* 445 So.2d 916 (Ala. Civ.App.1984).

Comity has been defined as:
[A] recognition which one nation extends within its own territory to the legislative, executive, or judicial acts of another. It is not a rule of law, but one of practice, convenience, and expediency. Although more than mere courtesy and accommodation, comity does not achieve the force of an imperative or obligation. Rather, it is a nation's expression of understanding which demonstrates due regard both to international duty and convenience and to the rights of persons protected by its own laws. Comity should be withheld only when its acceptance would be contrary or prejudicial to the

interest of the nation called upon to give it effect.

*Somportex Ltd. v. Philadelphia Chewing Gum Corp.,* 453 F.2d at 440.

■ Under the doctrine of comity, state courts recognize foreign judgments where the proceedings on which the judgment is based are not contrary to the public policy of the forum, where the judgment sought to be recognized was rendered under circumstances wherein the foreign court had jurisdiction over the subject matter and the parties, and where the parties were given an opportunity for a full and fair hearing on the issues. *See Hilton v. Guyot; Hyde v. Hyde; Lorenzo v. Lorenzo* (finding that New Mexico, as a matter of public policy, does not recognize the validity of a divorce decree rendered by the court of a foreign nation unless at least one of the spouses was a good-faith domiciliary in the foreign nation at the time the decree was rendered). If the elements of the doctrine are satisfied, the judgment will be recognized. *See* Restatement, *supra,* § 98. This process, referred to as domestication of a judgment, is the first step in enforcing or recognizing a foreign decree, and must be satisfied. *See Biel v. Boehm,* 94 Misc.2d 946, 406 N.Y.S.2d 231 (1978). Recognition of a judgment rendered in a foreign country means that this judgment is entitled to the same treatment that a judgment rendered in a sister state would receive. Restatement, *supra,* § 98, comment b.

■ Judgments rendered in another state involving child custody, support and visitation are subject to modification where the judgment has been domesticated in the forum state and there has been a material change of circumstances since the rendition of the prior decree. *See Allgood v. Orason,* 85 N.M. 260, 511 P.2d 746 (1973); *Altman v. Altman; see also Worthley v. Worthley,* 44 Cal.2d 465, 283 P.2d 19 (1955); *Palladay v. Palladay,* 422 So.2d 1108 (Fla.App.1982); *Blue v. Blue,* 243 Ga. 22, 252 S.E.2d 452 (1979). Similarly, judgments rendered in a foreign nation and recognized under principles of comity are subject to modification. *See Gonzalez v. Beraha,* 449 F.Supp. 1011 (D.C.Z.1978);

*Mackey v. Mackey,* 58 A.D.2d 806, 396 N.Y. S.2d 257 (1977); *see also Leitch v. Leitch,* 382 N.W.2d 448 (Iowa 1986); *cf. Olsen v. Olsen,* 98 N.M. 644, 651 P.2d 1288 (1982); *Corliss v. Corliss; Altman v. Altman.*

## II. FINALITY OF TRIAL COURT'S JUDGMENT

■ Appellate jurisdiction is limited to appeals from final judgments, interlocutory orders which practically dispose of the merits of an action, and final orders entered by a court after entry of a judgment which affect substantial rights of the parties. *Mitchell v. Mitchell,* 104 N.M. 205, 719 P.2d 432 (Ct.App.1986); *Thornton v. Gamble,* 101 N.M. 764, 688 P.2d 1268 (Ct.App. 1984); *see* SCRA 1986, 1–054(C)(1). However, where one or more claims for relief is presented, the court may enter a final judgment on less than all of the matters upon which relief was sought, but only upon an express determination that there is no just reason for delay. Rule 1–054(C)(1). In the absence of such determination, any order or other form of decision, however designated, which adjudicates less than all of the claims is not a final order, and hence not appealable. *See* Rule 1–054(C)(1); *Mitchell v. Mitchell; Ortega v. Transamerica Ins. Co.,* 91 N.M. 31, 569 P.2d 957 (Ct.App. 1977).

■ The judgment entered below modified the divorce decree so as to award joint custody, interpreted the provisions of the prior agreement of the parties which had been ratified by the foreign decree, ordered the payment of monthly child support, and entered judgment against respondent for arrearages in child support. The judgment, however, failed to make three necessary determinations. First, the order omitted any provision concerning whether this state would extend comity to, and domesticate, the foreign decree and the parties' prior written agreement. The failure to dispose of this issue resulted in a non-final order. *See Central–Southwest Dairy Coop. v. American Bank of Commerce,* 78 N.M. 464, 432 P.2d 820 (1967); *Thornton v. Gamble; Johnson v. C & H Const. Co.,* 78 N.M. 423, 432 P.2d 267

(Ct.App.1967). Second, the judgment omitted any provision disposing of the relief sought under respondent's counterclaim for an accounting of child support. An order disposing of the issues contained in the complaint but not the counterclaim is not a final judgment. *See Williams v. Bernhardt Bros. Tugboat Serv., Inc.*, 357 F.2d 883 (7th Cir.1966), *appeal after remand, Williams v. Wisconsin Barge Line, Inc.*, 416 F.2d 28 (7th Cir.1969); *cert. denied*, 396 U.S. 1060, 90 S.Ct. 755, 24 L.Ed. 2d 753 (1970); *see also City of Albuquerque v. Jackson*, 101 N.M. 457, 684 P.2d 543 (Ct.App.1984) (although the judgment disposed of all issues in connection with the original complaint and counterclaim, the same order authorized defendant to amend the counterclaim; under these circumstances, all claims were not resolved).

Additionally, the trial court's order omitted any provision disposing of petitioner's claim for attorney's fees. While the trial court adopted a conclusion that each party should pay his or her own costs and attorney's fees, the judgment entered by the court did not refer to this issue. Findings and conclusions which are not carried forward and incorporated in the judgment generally have no effect. *Smith v. City of Albuquerque*, 105 N.M. 125, 729 P.2d 1379 (Ct.App.1986). Similarly, where an award of attorney's fees is authorized by statute or rule, and a request is made for such award, a judgment which does not dispose of the issue of attorney's fees is not a final order. *See Johnson v. C & H Const. Co.; Ring v. Hoselton*, 197 Mont. 414, 643 P.2d 1165 (1982).

Because the trial court failed to dispose of these issues in its judgment and order, the judgment sought to be appealed herein is not final. We do not reach petitioner's claims that the trial court erred in interpreting the marital agreement, erred in awarding $1,134 per month for child support, or failed to properly award costs and attorney's fees, because resolution of these issues is dependent upon whether the trial court domesticates the foreign divorce decree and thereafter enforces or modifies the parties' agreement. The matter is remanded to the district court for further proceedings consistent with this opinion and for entry of a final judgment. Each party shall bear their own costs and attorneys' fees incident to this appeal.

IT IS SO ORDERED.

MINZNER and FRUMAN, JJ., concur.