This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**BANK OF THE RIO GRANDE, N.A.,**

Plaintiff-Appellee,

**v.**                                                                  **No. 31,841**

**PICACHO HILLS UTILITY COMPANY, INC., STEPHEN C. BLANCO,**

Defendants-Appellants,

**and**

**BLANCO DEVELOPMENT, LLC,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Kemp Smith, LLP
Ken Slavin
James W. Brewer
El Paso, TX

for Appellee

Alex Chisholm
Albuquerque, NM

for Appellants

# MEMORANDUM OPINION

**VIGIL, Judge.**

Defendants Picacho Hills Utility Company, Inc. and Stephen C. Blanco (Defendants) seek to appeal from an order appointing a receiver. We issued a notice of proposed summary disposition, proposing to dismiss the appeal on grounds that the district court's order is not final. Defendants have filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded by Defendants' arguments, we dismiss the appeal.

As we observed in the notice of proposed summary disposition, the right to appeal is generally restricted to final judgments and decisions. *See* NMSA 1978, § 39-3-2 (1966); *Kelly Inn No. 102 v. Kapnison*, 113 N.M. 231, 234-40, 824 P.2d 1033, 1036-42 (1992). Insofar as Defendants' counterclaims remain unresolved, the order from which appeal has been taken is not final. *See Watson v. Blakely*, 106 N.M. 687, 691, 748 P.2d 984, 988 (Ct. App. 1987) ("An order disposing of the issues contained in the complaint but not the counterclaim is not a final judgment."), *overruled on other grounds by Kelly Inn No. 102*, 113 N.M. at 239, 824 P.2d at 1041; *and see, e.g., Healthsource, Inc. v. X-Ray Assoc. of N.M.,* 2005-NMCA-097, ¶¶ 11-15, 138 N.M. 70, 116 P.3d 861 (observing that appeal may only be taken if all issues have been resolved by the order under consideration; where counterclaims remain, immediate

appeal is generally unavailable); *Tarin's, Inc. v. Tinley*, 2000-NMCA-048, ¶ 2, 129 N.M. 185, 3 P.3d 680 (holding that a judgment containing no mention of a counterclaim was not a final, appealable order).

In their memorandum in opposition Defendants argue that an immediate appeal would serve judicial economy, provide guidance relative to the continuing litigation, and promote Defendants' right to a jury trial. [MIO 1-5] We find these arguments to be unpersuasive. The fact that an immediate appeal might seem desirable from Defendants' perspective does not supply any basis for departing from the numerous previously-cited authorities, which clearly reflect that the underlying decision is not directly appealable as a matter of right.

Accordingly, for the foregoing reasons stated above and in the notice of proposed summary disposition, we conclude that the district court's order is not immediately reviewable. The appeal is therefore summarily dismissed.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

3