This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ANGEL FIRE PUBLIC IMPROVEMENT DISTRICT,**
**a political subdivision of the State of New Mexico,**

Plaintiff-Appellant,

v.                                                    NO.   30,368

**MR. and MRS. GLASER, THERESA CULL, CHERYL**
**HOST, EDMUND AUERBACH, DR. and MRS. DAVID**
**SPENCE, DONALD R. ASHER, HEIDI LARSEN, BRAD**
**LEONARD, TED THRASHER, ANNE DANIELS, BRYAN**
**and LISALEE GOSS, WILLIAM W. MERSHON, KEITH**
**and DEBORAH HILLEGOND, MR. and MRS. BRUCE**
**CHARNLEY, MICHAEL WILLIAM LAVERTY, and**
**KATHRYN L. BOLKVAC,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**John M. Paternoster, District Judge**

Stelzner, Winter, Warburton, Flores, Sanchez & Dawes, P.A.
Nann M. Winter
Albuquerque, NM

for Appellant

Armstrong & Armstrong, P.C.
Julia Lacy Armstrong

Taos, NM

for Appellees

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

At issue in this case is whether Plaintiff's appeal from the dismissal of its lawsuit under New Mexico's Anti-SLAPP (Strategic Litigation Against Public Participation) statute was from a final order. If it was not, we must determine whether Plaintiff was permitted to take an expedited interlocutory appeal as of right under the statute.

We conclude that the dismissal was not a final order because of a pending counterclaim. We need not address the issue of an interlocutory appeal as of right under the Anti-SLAPP statute because we also conclude that the statute does not apply to this case. The conduct in question was not protected because it was a lawsuit not in connection with quasi-judicial proceedings. We dismiss and remand for resumption of proceedings.

**I.     BACKGROUND**

In 2008, the Village of Angel Fire held an election to determine whether a public improvement district (PID) should be formed within its boundaries. The requisite majority of eligible voters approved formation of the PID. The formation

2

election of the PID proceeded without contest. The PID then entered into construction and financing contracts with third parties to further the PID's purpose and begin operations. Just days before the PID's twenty-five million dollar construction loan was to close and more than a year after the PID's formation, the Glaser group—a collection of real property owners in the district—filed suit for declaratory relief, arguing that the PID formation election was procedurally defective and therefore void, that the PID lacked legal existence, and that a special levy approved and assessed by the PID to support its loan transaction was invalid. The Glaser group named the PID's Board of Directors individually, among other individuals, as defendants, in keeping with their allegation that the PID did not exist. The district court, noting the thirty-day limitation of filing contests to elections, quickly dismissed the lawsuit as time-barred. Though the Glaser group appealed, dismissal was affirmed by the New Mexico Supreme Court. *See Glaser v. LeBus*, 2012-NMSC-012, ¶ 12, 276 P.3d 959. The Supreme Court declared that the PID statute explicitly incorporates the Election Code's thirty-day statute of limitations for election contests and that the Glaser group had no factual support for its dispute of the PID's authority to assess the levy. *Id.* ¶¶ 9, 10, 13.

As a result of the pending suit, the loan remained in escrow, incurring costs and interest amounting to $100,000 per month. Since the funds were not disbursed, the

PID was unable to give notice to its contractor to proceed with construction and improvements as scheduled.

In 2009, based on the damage it incurred due to the Glaser group's lawsuit, the PID filed its own lawsuit against the Glaser group for more than one million dollars in damages, alleging tortious interference with contract, tortious interference with prospective contractual relations, prima facie tort, and malicious abuse of process. The Glaser group filed a counterclaim for malicious abuse of process and then moved for dismissal, arguing that the PID's suit violated the Anti-SLAPP statute and the Noerr-Pennington doctrine. The district court dismissed the PID's suit for damages under the Anti-SLAPP statute, but did not resolve the Glaser group's counterclaim.

The PID appealed the dismissal. The Glaser group moved to dismiss the appeal, arguing that their counterclaim is still pending in district court and that the lower court's dismissal under the Anti-SLAPP statute did not authorize the PID to take an interlocutory appeal as of right. We denied the motion on its face at that time so that we could consider the issue of interlocutory appeals under NMSA 1978, Section 38-2-9.1 (2001) after full briefing and in light of the issues in the case.

**II.    DISCUSSION**

At issue is whether the dismissal of the PID's suit under the Anti-SLAPP statute, without resolving the Glaser group's counterclaim, is a final order for the

purposes of appeal. An order disposing of the issues contained in the complaint, but not the counterclaim, is not a final judgment. *Watson v. Blakely*, 106 N.M. 687, 691, 748 P.2d 984, 988 (Ct. App. 1987), *overruled on other grounds by Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 239, 824 P.2d 1033, 1041 (1992). Under this rule, we would ordinarily dismiss an appeal from a case with a pending counterclaim. However, Section 38-2-9.1 provides for an expedited appeal from a motion to dismiss under the Anti-SLAPP statute. The parties dispute whether this includes an interlocutory appeal as of right. Before determining whether the statute provides for such an appeal, we first address whether the Anti-SLAPP statute applies to this case.

A.     The Anti-SLAPP Statute Does Not Apply

The Anti-SLAPP statute provides for expedited procedures during an action seeking damages for conduct made in connection with a public hearing. Section 38-2-9.1(A). Whether the Anti-SLAPP statute applies in this case is a question of law, and questions of law are reviewed de novo. *See Davis v. Devon Energy Corp.*, 2009-NMSC-048, ¶ 12, 147 N.M. 157, 218 P.3d 75 (stating that questions of law are reviewed de novo).

New Mexico's Anti-SLAPP statute applies when someone is alleged to have brought suit in retaliation against certain forms of public speech and petition. Section 38-2-9.1(A) states:

Any action seeking money damages against a person for conduct or speech undertaken or made in connection with a public hearing or public meeting in a quasi-judicial proceeding before a tribunal or decision-making body of any political subdivision of the state is subject to a special motion to dismiss[.]

The statute defines "public meeting in a quasi-judicial proceeding" as "any meeting established and held by a state or local governmental entity, including without limitations, meetings or presentations before state, city, town[,] or village councils, planning commissions, review boards[,] or commissions." Section 38-2-9.1(D). The purpose of the Legislature in adopting the statute is codified at NMSA 1978, Section 38-2-9.2 (2001), which states that its policy is to "protect the rights of its citizens to participate in quasi-judicial proceedings before local and state governmental tribunals" because "[b]aseless civil lawsuits . . . have been filed against persons for exercising their right to petition and to participate in quasi-judicial proceedings."

This statute has not yet been interpreted by New Mexico courts. In interpreting statutes, we seek to give effect to the Legislature's intent and, in determining intent, we look to the language used and consider the statute's history and background. *Key v. Chrysler Motors Corp.*, 121 N.M. 764, 768-69, 918 P.2d 350, 354-55 (1996). We determine the Legislature's intent today simply by reading the plain meaning of the statute. The plain meaning rule requires a court to give effect to the statute's language and refrain from further interpretation when the language is clear and unambiguous.

6

*Sims v. Sims*, 1996-NMSC-078, ¶ 17, 122 N.M. 618, 930 P.2d 153. The language of the statute describes citizen participation in a public meeting "in quasi-judicial proceedings." Section 38-2-9.2.

The Glaser group's participation was the filing of a lawsuit disputing the authority and existence of the PID roughly thirteen months after a valid formation election. *See Glaser*, 2012-NMSC-012, ¶ 4.[1] The Glaser group's lawsuit was a purely judicial proceeding, not a quasi-judicial proceeding. The parties invoked the jurisdiction of and appeared before a court, not a public meeting, village council, or planning board. In addition, the lawsuit was over a year after the local administrative hearings. Filing the suit was therefore not conduct in connection with the public meetings, but directed at the results of the meetings: the PID, its formation—complete for more than a year without the Glaser group's objections—and its ability to carry out its statutory duties.

In support of its argument that its original suit should be protected by New Mexico's anti-SLAPP statute, the Glaser group relies on Georgia's and Louisiana's

---

[1]We also note that the Supreme Court's decision that conclusively decided that the PID had authority to create the levy was issued after briefs in this appeal were filed. The parties failed to inform this Court of the Supreme Court's decision pursuant to Rule 12-213(D)(2) NMRA, which requires that "[w]hen pertinent and significant authorities come to the attention of counsel after counsel's brief has been filed, . . . counsel shall promptly advise the appellate court clerk, by letter and without argument, with a copy to all counsel, setting forth the citations and attaching a copy thereto, if available."

7

respective courts' interpretation of their states' anti-SLAPP statutes. In Georgia and Louisiana, an issue of public concern is broader and may cover more actions than those covered by the New Mexico statute, which limits its protection to quasi-judicial proceedings. *See* Ga. Code Ann. § 9-11-11.1(c) (1998) (protecting petitions "in connection with an issue of public interest or concern," which includes "any written or oral statement, writing, or petition made before or to a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, or any written or oral statement, writing, or petition made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law" (internal quotation marks omitted)); La. Code Civ. Proc. Ann. art. 971(A)(1), (F)(1)(a) (2012) (protecting petitions "in connection with a public issue" defined as "[a]ny written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law").

Because the PID's suit was not in response to conduct or speech falling within the quasi-judicial proceedings in the Anti-SLAPP statute, the district court erred in dismissing the suit under that statute's expedited procedures. Because the Anti-SLAPP statute does not apply, the PID cannot have an interlocutory appeal from a non-final order.

**III.    CONCLUSION**

We determine that the Anti-SLAPP statute does not apply to the PID's lawsuit alleging tortious interference and malicious abuse of process regarding the Glaser group's previous case.    Because dismissal under the Anti-SLAPP statute was improper, the PID is not entitled to an expedited interlocutory appeal, and we decline to address the merits further.  We dismiss and remand for resumption of proceedings.

**IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**MICHAEL E. VIGIL, Judge**

9