This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**THE BANK OF NEW YORK MELLON**
**f/k/a THE BANK OF NEW YORK,**
**AS TRUSTEE FOR CERTIFICATE-**
**HOLDERS OF ASSETS-BACKED**
**CERTIFICATES, SERIES 2003-2,**

Plaintiff-Counterdefendant-Appellee,

**v.**                                              **No. 33,457**

**DIANE M. MOYA, WILLIAM L. MOYA,**
**TAXATION AND REVENUE DEPARTMENT**
**OF THE STATE OF NEW MEXICO, and**
**UNIFUND CCR,**

Defendants,

and

**ANGEL GARCIA,**

Defendant-Counterclaimant and Crossclaimant-Appellant,

v.

**THE BANK OF NEW YORK MELLON**
**f/k/a THE BANK OF NEW YORK,**
**AS TRUSTEE FOR CERTIFICATE-**
**HOLDERS OF ASSETS-BACKED**
**CERTIFICATES, SERIES 2003-2,**

Plaintiff-Counterdefendant-Appellee,

and

**DIANE M. MOYA and WILLIAM L. MOYA,**

Crossdefendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Shannon C. Bacon, District Judge**

Susan C. Little & Associates, P.A.
Sandra A. Brown
Albuquerque, NM

for Appellee Bank of New York Mellon

The Law Office of Anita M. Kelley
Anita M. Kelley
Albuquerque, NM

for Appellant Angel Garcia

## MEMORANDUM OPINION

**FRY, Judge.**

{1}     Appellant Angel Garcia (Garcia) appeals from the district court's summary judgment ruling that Appellee Bank of New York (Bank) has a valid first lien on the property described in Bank's mortgage and has priority for the amounts owed under the original note and the loan modifications identified in Bank's complaint. [RP 173] Our notice proposed to dismiss for lack of a final order, and Garcia filed a memorandum in opposition. We are not persuaded by Garcia's arguments in opposition to our notice, and therefore dismiss.

{2}     While the district court's summary judgment ruling resolves Bank's claim against Garcia, yet to be addressed by the district court are Garcia's outstanding five counterclaims against Bank. [RP 78, 84-88] Because matters remain to be decided, we lack a final order for purposes of appeal. *See generally Watson v. Blakely*, 1987-NMCA-147, ¶ 14, 106 N.M. 687, 748 P.2d 984 (stating that "[a]n order disposing of the issues contained in the complaint but not the counterclaim is not a final judgment"), *overruled on other grounds by Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 25, 113 N.M 231, 824 P.2d 1033; *Tarin's, Inc. v. Tinley*, 2000-NMCA-048, ¶ 2, 129 N.M. 185, 3 P.3d 680 (holding that a judgment containing no mention of a counterclaim was not a final, appealable order).

{3}     Garcia acknowledges the counterclaims, but nonetheless urges this Court to view the proceedings as final, asserting her counterclaims "are based almost entirely on her claim that her lien is superior to the bank's modifications of the loan" [MIO 2] and that "these counterclaims are untenable based on the district court's ruling that the bank's loan modifications have priority." [MIO 3] Garcia thus advocates that her counterclaims are effectively implicitly denied by the district court's summary judgment ruling. Garcia however limits her argument to counts 1 through 4 of her counterclaims and qualifies her argument with regard to count 5 of her counterclaims. For this count, Garcia provides that "[a]rguably there is one counter-claim [count 5]

3

that is somewhat independent" of the summary judgment issues, but contends this counterclaim should not affect finality because it "affects . . . Garcia's ability to cure and/or reinstate the mortgage." [MIO 3] Despite her view that count 5 remains unresolved, Garcia argues that this Court should view the summary judgment ruling as final for purposes of appeal. [MIO 3] We decline to do so, because matters remain to be decided. Rather than make assumptions about counterclaims that need to be expressly ruled upon by the district court in the first instance, we instead dismiss for lack of a final order so that the district court may consider and expressly rule upon all of Garcia's outstanding counterclaims.

{4}     For the reasons discussed above and set forth in our notice, we dismiss for lack of a final order.

{5}     **IT IS SO ORDERED.**


_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**J. MILES HANISEE, Judge**

4