# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Opinion Number: 2012-NMSC-012**

**Filing Date: April 13, 2012**

**Docket No. 33,069**

**MR. and MRS. RON GLASER, THERESA CULL,
CHERYL HOST, EDMUND AUERBACH, DR. and
MRS. DAVIS SPENCE, DONALD R. ASHER,
HEIDI LARSEN, BRAD LEONARD, TED THRASHER,
ANNE DANIELS, BRYAN and LISALEE GOSS,
WILLIAM W. MERSHON,  KEITH and DEBORAH
HILLEGOND, and MR. and MRS. BRUCE CHARNLEY,**

   **Plaintiffs-Petitioners,**

**v.**

**JAMES L. LEBUS, DANIEL E. RAKES, CHARLES VERRY,
ALAN G. YOUNG, STEVEN R. OLIVER, NEW MEXICO
FINANCE AUTHORITY, AUI, INC., ANGEL FIRE RESORT OPERATIONS,
L.L.C., and VILLAGE OF ANGEL FIRE,**

   **Defendants-Respondents.**

**ORIGINAL PROCEEDING**

Armstrong & Armstrong, P.C.
Julia Lacy Armstrong
Roy L. Armstrong
Taos, NM

for Petitioners

Stelzner, Winter, Warburton, Flores, Sanchez & Dawes, P.A.
Nann M. Winter
Albuquerque, NM

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Alan Hall
Albuquerque, NM

1

Canepa & Vidal, P.A.
Joseph F. Canepa
Santa Fe, NM

Modrall, Sperling, Roehl, Harris, & Sisk, P.A.
Peter Franklin
Santa Fe, NM

Sutin, Thayer & Browne, P.C.
Mark Chaiken
Benjamin Allison
Santa Fe, NM

for Respondents

**OPINION**

**SERNA, Justice.**

**{1}** Defendant-Appellee (Appellee) the Village of Angel Fire (the Village) held an election to determine whether a public improvement district (PID) should be formed within its boundaries, after supporters of the PID petitioned the Village to do so. The requisite majority of eligible voters approved formation of the PID. Plaintiffs-Appellants (Appellants), owners of real property located in Angel Fire, filed suit in district court, seeking a declaration that the PID formation election was procedurally defective and therefore void, that the PID lacks legal existence, and that a special levy approved and assessed by the PID is invalid. The district court dismissed Appellants' complaint as untimely, and Appellants sought review by the Court of Appeals.

**{2}** The Court of Appeals determined that Appellants' complaint presents an election contest, which is subject to a thirty-day statute of limitations under the Election Code. *See* NMSA 1978, § 1-14-3 (1971). The Court further determined that because Appellants waited more than one year to file suit, their complaint is time-barred. After thoroughly analyzing these issues, however, the Court of Appeals ultimately concluded that it lacked jurisdiction and transferred the appeal to this Court, pursuant to the Election Code's directive that appeals in election contest proceedings shall be made directly to this Court. *See* NMSA 1978, § 1-14-5 (1969). Although we agree that the Court of Appeals did not have jurisdiction over this appeal, we find its opinion to be both comprehensive and persuasive. We therefore adopt its result as well as its reasoning, with one exception that we discuss below.

**I.     BACKGROUND**

**{3}** In April and October of 2007, Defendant-Appellee Angel Fire Resort Operations,

LLC submitted petitions to the Village for the creation of a PID to manage the construction of various infrastructure improvements within the district's boundaries. These improvements were to be funded by the sale of bonds secured by the proceeds of a special levy that would be assessed against owners of property located within the proposed district. After notice to the property owners and a hearing, the Village Council approved a resolution on February 14, 2008 supporting the formation of the PID. In April 2008, the Village conducted an election by mail-in ballot to determine whether to form the PID. More than three-quarters of eligible residents voted in the affirmative, which was sufficient to approve formation. Later that year, the Village mailed property tax assessments, which included the PID special levy, to owners of property located within the district's boundaries, including Appellants.

**{4}** Appellants filed suit on June 1, 2009, roughly thirteen months after the PID formation election. In addition to the Village and Angel Fire Resort Operations, LLC, Appellants named as defendants the individual members of the Angel Fire PID Board of Directors (but not the PID itself), the New Mexico Finance Authority, and AUI, Inc., a company that the PID hired to perform construction work within the district. The complaint sought a declaration that the PID "was not properly authorized pursuant to law [and] has no legal existence, and all of the contracts and agreements made by its Board are void and unenforceable." Appellants also asked the district court to undo the results of the April 2008 formation election and to enter an "order requiring the PID to refund all or part of the special levy funds improperly collected from property owners" within the district.

**{5}** On June 8, 2009, the PID filed a motion to intervene, which the district court granted. The PID also filed a joint motion with Appellees for dismissal as to Appellees and judgment on the pleadings as to the PID. This motion sought dismissal pursuant to Rule 1-012(B)(6) NMRA and judgment on the pleadings pursuant to Rule 1-012(c) on various grounds, including that the complaint presented a challenge to the validity of the PID formation election and therefore was time-barred under the Election Code, which requires election contests to be brought within thirty days of certification of the election results. *See* § 1-14-3.

**{6}** On June 19, 2009, Appellants filed an amended complaint with allegations that were substantially similar to those in their original complaint, including that the PID formation election was "so materially out of compliance with statutory requirements as to invalidate it as a matter of law," that the PID "has no legal existence," that the special levy authorized and assessed by the PID is illegal, and that "the PID possesses no authority to levy or collect any tax or assessment." By order filed July 15, 2009, the district court granted Appellees' and the PID's joint motion and dismissed both the complaint and the amended complaint (hereinafter, "the complaint") on the ground that they were untimely filed. Appellants sought review by the Court of Appeals.

**{7}** The Court of Appeals determined that the PID formation election was subject to the procedures set forth in the Election Code, that the entirety of Appellants' complaint constitutes an election contest subject to the Election Code's thirty-day statute of limitations,

3

and accordingly that the complaint was properly dismissed. *Glaser v. LeBus*, 2012-NMCA-028, ¶¶ 1, 8-12, 15, 21-24. Because the complaint presents an election contest, the Court of Appeals ultimately concluded that it lacked jurisdiction, due to the Election Code's mandate that challenges to an election shall be appealed directly to the New Mexico Supreme Court. *Id.* ¶¶ 25- 26 (citing § 1-14-5). The Court of Appeals therefore transferred the appeal to this Court, pursuant to NMSA 1978, Section 34-5-10 (1966). *Id.* ¶ 26. After the parties submitted briefing to this Court, Appellees filed a motion to dismiss the appeal as moot on the ground that a substantial majority of the PID's infrastructure improvements already had been constructed, a motion which the Court denied on September 30, 2011. The Court heard oral argument on October 11, 2011.

## II. STANDARD OF REVIEW

{8} We review de novo the district court's grant of Appellees' motion to dismiss and for judgment on the pleadings. *See Delfino v. Griffo*, 2011-NMSC-015, ¶ 9, 150 N.M. 97, 257 P.3d 917. A motion to dismiss "tests the legal sufficiency of [a] plaintiff's complaint," and "should be granted only when it appears that the plaintiff is not entitled to recover under any facts provable under the complaint." *Kirkpatrick v. Introspect Healthcare Corp.*, 114 N.M. 706, 709, 845 P.2d 800, 803 (1992). A judgment on the pleadings is treated as a motion to dismiss when the district court considers matters contained solely within the pleadings. *See GCM, Inc. v. Ky. Cent. Life Ins. Co.*, 1997-NMSC-052, ¶ 9, 124 N.M. 186, 947 P.2d 143. "In reviewing a district court's decision to dismiss for failure to state a claim, we accept all well-pleaded factual allegations in the complaint as true and resolve all doubts in favor of sufficiency of the complaint." *Delfino*, 2011-NMSC-015, ¶ 9 (citation omitted). De novo review similarly applies to questions of statutory interpretation. *Cobb v. State Canvassing Bd.*, 2006-NMSC-034, ¶ 33, 140 N.M. 77, 140 P.3d 498.

## III. DISCUSSION

{9} As the Court of Appeals correctly determined, the Angel Fire PID formation election is subject to the Election Code's thirty-day limitation period for filing a complaint. *Glaser*, 2012-NMCA-028, ¶¶ 1, 10-15. The procedures set forth in the Election Code apply to general elections, primary elections, statewide special elections, elections to fill congressional vacancies, and school district elections. NMSA 1978, § 1-1-19(A) (1985). In addition, "[t]o the extent procedures are incorporated or adopted by reference by separate laws governing such elections or to the extent procedures are not specified by such laws, certain provisions of the Election Code shall also apply to . . . special district officer or special district bond or other special district elections." *Id*. § 1-1-19(B)(2). Under the Public Improvement District Act (PID Act), a PID formation election must meet certain specifically enumerated requirements, NMSA 1978, § 5-11-7 (2001), and "[e]xcept as otherwise provided . . . the election shall comply with the general election laws of this state," *id*. § 5-11-7(E), i.e., the Election Code. Because the PID Act incorporates the Election Code by reference unless it is otherwise specified, and because the PID Act nowhere provides a different limitations period for filing a challenge to a PID formation election, the Election

4

Code's thirty-day statute of limitations applies.

**{10}** The Court of Appeals also correctly concluded that the gravamen of Appellants' complaint is a challenge to the PID formation election. *Glaser*, 2012-NMCA-028, ¶¶ 1, 21-24. Appellants allege that the proponents of the PID made various misrepresentations in their petitions to form the PID, and that the formation election was procedurally flawed because the mail-in ballots lacked adequate detail and were not properly scrutinized by the Village. The principal relief Appellants request is a declaration that the PID formation election was invalid and that the PID therefore lacks legal existence. Because Appellants' suit is thus properly construed as an election contest, and because Appellants failed to file their complaint within the thirty-day period mandated by the Election Code, the district court properly dismissed the complaint, a result the Court of Appeals would have affirmed if it had jurisdiction over the appeal.

**{11}** We now take the opportunity to correct the Court of Appeals in one respect. While Appellants unquestionably contest the PID formation election, their complaint also asks for declaratory relief with respect to various actions that the PID took after formation, particularly the imposition of the special levy and the execution of contracts to perform the infrastructure improvements. The Court of Appeals determined that these claims "also rest on challenges to the underlying validity of the formation election." *Glaser*, 2012-NMCA-028, ¶¶ 23-24. We disagree. A legal challenge to governmental action is not converted into an election contest simply because the action at issue followed an election; otherwise, virtually every lawsuit against a governmental entity would be subject to the Election Code's thirty-day statute of limitations.

**{12}** The district court nonetheless was correct in dismissing the complaint. *See Maralex Res., Inc. v. Gilbreath*, 2003-NMSC-023, ¶ 13, 134 N.M. 308, 76 P.3d 626 ("[A]n appellate court will affirm the district court if it is right for any reason and if affirmance is not unfair to the appellant." (citation omitted)). Appellants assert that the special levy is invalid because it was approved by resolution of the PID Board of Directors rather than by election. The PID Act, however, explicitly authorizes a PID's board of directors to assess a special levy by resolution after notice and a hearing, NMSA 1978, § 5-11-20(A) & (B) (2001), or alternatively by election. *Id*. § 5-11-7(A)(5) & (7-8). Because the applicable statute does not require a PID special levy to be approved through an election, Appellants' complaint fails as a matter of law.

**{13}** Appellants' complaint seeks declaratory relief regarding other aspects of the levy, such as the method for its apportionment and the alleged disparity between the amounts assessed and the benefits conferred on affected property owners. Appellants also request a declaration that all contracts the PID entered into are "void and unenforceable." Appellants, however, do not offer any factual allegations whatsoever in support of those claims. Their complaint, therefore, was properly dismissed for failure to state a claim for which relief could be granted. *See Delfino*, 2011-NMSC-015, ¶ 12. Finally, we note that Appellants were required to include in their brief-in-chief "a statement explaining how the issue was

preserved in the court below, with citations to authorities, record proper, transcript of proceedings or exhibits relied on." Rule 12-213(A)(4) NMRA. Because Appellants fail to inform this Court where in the record they have preserved their challenge to the apportionment of the levy or other post-formation acts of the PID, it is within this Court's discretion to refuse to consider those issues. *See State v. Goss*, 111 N.M. 530, 533, 807 P.2d 228, 231 (Ct. App. 1991) ("Where a party fails to comply with Rules 12-208 and -213 and fails to indicate "that [an] issue was properly preserved for appellate review, an appellate court may decline to address such contention on appeal.").

## IV.   CONCLUSION

{14}   We affirm the order of the district court. In doing so we adopt the reasoning and result of the Court of Appeals' opinion, with the one exception discussed above regarding Appellants' challenge to the PID's apportionment of the special levy and other post-formation acts of the PID, which as we explain are not properly construed as an election contest but nonetheless were properly dismissed.

{15}   **IT IS SO ORDERED.**

_____
**PATRICIO M. SERNA, Justice**

**WE CONCUR:**

_____
**PETRA JIMENEZ MAES, Chief Justice**

_____
**EDWARD L. CHÁVEZ, Justice**

_____
**CHARLES W. DANIELS, Justice**

**RICHARD C. BOSSON, Justice, recused**

**Topic Index for *Glaser v. Lebus*, Docket No. 33,069**

**AE   APPEAL AND ERROR**
        AE-AJ        Appellate Jurisdiction


**CP   CIVIL PROCEDURE**
        CP-FC        Failure to State a Claim
        CP-JT        Judgment on the Pleadings

CP-MD   Motion to Dismiss
CP-SL   Statute of Limitations
CP-TL   Time Limitations

**GV GOVERNMENT**
GV-EL   Elections
GV-SD   Special Districts


**JM JUDGMENT**
JM-JP   Judgment on the Pleadings


**JD JURISDICTION**
JD-AJ   Appellate Jurisdiction
JD-CA   Court of Appeals
JD-SC   Supreme Court