This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**VIRGIL CLAUDE,**

Plaintiff-Appellee,

v.                                                                                  **NO. 31,345**

**FUNDAMENTAL LONG TERM CARE**
**d/b/a SPECIALTY HOSPITAL OF**
**ALBUQUERQUE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF McKINLEY COUNTY**
**Robert A. Aragon, District Judge**

Adam D. Rafkin, P.C.
Adam D. Rafkin
Ruidoso, NM

for Appellee

Proctor & Associates, P.C.
Lori D. Proctor
Houston, TX

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

This case requires us to examine an arbitration agreement that a nursing home requires patients to sign as a condition of admission to the home. Defendant, Fundamental Long Term Care, appeals the district court's denial of its motion to compel arbitration, pursuant to the terms of an arbitration agreement (the Agreement) entered into with Plaintiff's mother, Yvonne Claude. The district court denied the motion after argument regarding the substantive and procedural conscionability of the Agreement and Yvonne Claude's authority to enter into the Agreement on behalf of Plaintiff. We affirm the ruling of the district court in favor of Plaintiff.

**BACKGROUND**

This appeal arises from a negligence lawsuit filed by Plaintiff alleging deficient care in Defendant's nursing home where Plaintiff sustained injuries. This Court recently addressed the substantive unconscionability of language identical to the language contained in the Agreement at issue in this case. *See Figueroa v. THI of N.M. at Casa Arena Blanca LLC*, 2012-NMCA-___, ___ P.3d ___, (No. 30,477, July 18, 2012), *cert. denied*, 2012-NMCERT-___, ___ P.3d ___ (No. 33,762, Oct. 3, 2012). As a result of the *Figueroa* decision and the parties' familiarity with the factual and procedural background in this case, we shall not provide further detail of the background at this time. We shall refer to any relevant background information

as may be necessary with each issue discussed below.

**STANDARD OF REVIEW**

We review de novo a district court's order denying a motion to compel arbitration. *Felts v. CLK Mgmt, Inc.*, 2011-NMCA-062, ¶ 14, 149 N.M. 681, 254 P.3d 124, *cert. granted*, 2011-NMCERT-006, 150 N.M. 764, 266 P.3d 633; *Strausberg v. Laurel Healthcare Providers, LLC*, 2012-NMCA-006, ¶ 6, 269 P.3d 914, *cert. granted*, 2012-NMCERT-___, ___ P.3d ___ (No. 33,331, Jan. 6, 2012). The question of whether a contract provision is unconscionable is a matter of law that we also review de novo. *Strausberg*, 2012-NMCA-006, ¶ 6. The party attempting to compel arbitration carries the burden of demonstrating that the arbitration agreement is valid. *Id.* ¶ 1; *Corum v. Roswell Senior Living, LLC*, 2010-NMCA-105, ¶ 3, 149 N.M. 287, 248 P.3d 329.

**DISCUSSION**

Defendants contend that evidence from the record makes plain that the Agreement was neither procedurally nor substantively unconscionable. As was the case in *Figueroa*, Defendants additionally assert that the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16 (2012), preempts our state law that applies an unconscionability analysis to the terms of arbitration agreements. And in supplemental briefing pursuant to this Court's sua sponte order that the parties address

the effect of *Figueroa* in this case, Defendants additionally maintain that *Figueroa* itself is preempted by the FAA. Specifically, they maintain that the "most likely claims" rule addressed in *Figueroa* is insufficient to circumvent application of the FAA because it is not a generally applicable contract defense, and was not raised in district court. On the merits, Defendants focus their analysis on the Agreement's procedural conscionability, and the authority of Plaintiff's mother to sign the Agreement on Plaintiff's behalf. But the record does not contain any evidence or argument regarding substantive unconscionability that supplements or materially changes what was presented to this Court in the *Figueroa* case.

In *Figueroa*, we addressed the defendant's argument regarding FAA preemption and concluded that "our unconscionability analysis does not stand as an obstacle to the accomplishment and execution of the full purposes and objectives of the FAA." 2012-NMCA-___, ¶ 21 (alterations, internal quotation marks, and citation omitted). After conducting an analysis of the substantive conscionability of the language of the agreement at issue, we concluded in *Figueroa* that the terms of the agreement were unfairly and unreasonably one-sided and thereby, substantively unconscionable. *Id.* ¶ 23. In this case, the district court denied Defendant's motion to compel arbitration as "not well-taken." Nonetheless, our decision in *Figueroa* makes clear that the identical language present in the Agreement now at issue is

4

substantively unconscionable, and thus the district court was legally correct in denying Defendant's motion to compel. *See Glaser v. LeBus*, 2012-NMSC-012, ¶ 12, 276 P.3d 959; *see also Maralex Res., Inc. v. Gilbreath*, 2003-NMSC-023, ¶ 13, 134 N.M. 308, 76 P.3d 626 ("[A]n appellate court will affirm the district court if it is right for any reason and if affirmance is not unfair to the appellant." (internal quotation marks and citation omitted)). While Defendant additionally maintains in its supplemental briefing that application of *Figueroa* would be unfair, we see no argument that could exempt an identically worded Agreement to that analysis in *Figueroa* and found to be substantially unconscionable, even were further opportunity provided Defendant. We likewise see no basis for this Court to deviate from our decision in *Figueroa* even if the district court may have relied upon a different basis when it denied Defendant's motion to compel arbitration.

**CONCLUSION**

Consistent with *Figueroa*, we conclude the arbitration provision in the Agreement is unenforceable because it is substantively unconscionable. Therefore, we need not address Defendant's remaining contentions regarding the procedural conscionability of the Agreement or the authority of Plaintiff's mother to enter into the Agreement on behalf of Plaintiff. For the foregoing reasons, we affirm the decision of the district court.

**IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**LINDA M. VANZI, Judge**

6