This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PEGGY J. CORDOVA and
KRISTINE D. SANCHEZ,**

      Cross-Defendants/Appellants,

**v.**  No. 31,289

**DELFINA DELEON and FRED
DELEON, individually and on
behalf of THE ESTATE OF ANNIE
PACHECO DELEON,**

      Cross-Plaintiffs/Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Nan Nash, District Judge**

Joshua R. Simms, P.C.
Joshua R. Simms
Albuquerque, NM

for Appellants

Fred DeLeon
Albuquerque, NM

Pro Se Appellee

## MEMORANDUM OPINION

**SUTIN, Judge.**

**{1}** Cross-Defendants, Peggy J. Cordova and Kristine D. Sanchez (Appellants), appeal from the district court's final judgment on first amended cross-claims by which they were held jointly and severally liable for $21,755.27 in damages, plus attorney fees and costs that resulted from a dispute over real property. Owing to significant rule violations and other failures in Appellants' brief in chief, we affirm the district court's final judgment.

**BACKGROUND**

**{2}** Because this is a memorandum opinion, and the parties are familiar with the facts, we do not provide a summary of the factual or procedural background of the case. On appeal, Appellants filed only a brief in chief. The Appellees did not file an answer brief, and accordingly, there is no reply brief.

**DISCUSSION**

**{3}** Rule 12-213(A) NMRA sets out the requirements applicable to an appellant's brief in chief. In relevant part, it provides that the appellant's brief shall contain the following:

> (3) a summary of proceedings, briefly describing the nature of the case, the course of proceedings and the disposition in the court below, and including a summary of the facts relevant to the issues presented for review. Such summary shall contain citations to the record proper, transcript of proceedings or exhibits supporting each factual representation. A contention that a verdict, judgment or finding of fact

2

is not supported by substantial evidence shall be deemed waived unless the summary of proceedings includes the substance of the evidence bearing upon the proposition; [and]

(4) an argument which, with respect to each issue presented, shall contain a statement of the applicable standard of review, the contentions of the appellant and a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper, transcript of proceedings[,] or exhibits relied on. Applicable New Mexico decisions shall be cited. The argument shall set forth a specific attack on any finding, or such finding shall be deemed conclusive. A contention that a verdict, judgment[,] or finding of fact is not supported by substantial evidence shall be deemed waived unless the argument identifies with particularity the fact or facts that are not supported by substantial evidence[.]

Rule 12-213(A)(3), (4).

**{4}** "The Rules of Appellate Procedure exist to ensure the efficient and fair administration of justice." *Rio Grande Kennel Club v. City of Albuquerque*, 2008-NMCA-093, ¶ 55, 144 N.M. 636, 190 P.3d 1131. Although our policy "is to construe the Rules of Appellate Procedure liberally so that appeals may be determined on their merits, we will not implement that policy to the point of making the [r]ules meaningless." *Id.* (internal quotation marks and citation omitted). Failure to comply with the rules may have the effect of leaving "the reviewing court with little—if anything—upon which it can grant relief[.]" *Id.* ¶ 54.

**{5}** In this case, Appellants' brief in chief fails to present a summary of proceedings that comports with Rule 12-213(A)(3). Although the summary contains some

3

background information, it does not present a coherent picture of the relevant facts, nor does it include "the substance of the evidence bearing upon the proposition" of Appellants' arguments that the district court's findings and conclusions were not supported by substantial evidence. Rule 12-213(A)(3) (stating that substantial evidence arguments are deemed waived when the substance of the evidence bearing thereon is not included in the summary of proceedings).

{6} The deficiency is further exacerbated by Appellants' violation of Rule 12-213(A)(4) in the argument section of their brief in chief, where, although Appellants attack the substantiality of the evidence relied upon for the court's ruling, they fail to provide citations to relevant aspects of the record, fail to demonstrate preservation, and further fail to provide authority in support of a number of their propositions. *See* Rule 12-213(A)(4); *see also Glaser v. LeBus*, 2012-NMSC-012, ¶ 13, 276 P.3d 959 (stating that where an appellant fails to comply with Rule 12-213 by indicating "that an issue was properly preserved for appellate review, an appellate court may decline to address such contention on appeal" (alteration, internal quotation marks, and citation omitted)); *Martinez v. Sw. Landfills, Inc.*, 115 N.M. 181, 186, 848 P.2d 1108, 1113 (Ct. App. 1993) ("[A]n appellant is bound by the findings of fact made below unless the appellant properly attacks the findings, and that the appellant remains bound if he or she fails to properly set forth all the evidence bearing upon the

4

findings."); *In re Estate of Heeter*, 113 N.M. 691, 694, 831 P.2d 990, 993 (Ct. App. 1992) ("This [C]ourt will not search the record to find evidence to support an appellant's claims."). Appellants' rule violations preclude an effective review of the merits of their appeal.

{7} Appellants' brief in chief, in addition to failing to abide by the Rules of Appellate Procedure, is also deficient for its lack of clear or adequately developed arguments. The brief is largely incomprehensible for its failure to present evidence or arguments in a way that facilitates a review of Appellants' claim that the district court erred. We "will not review unclear arguments, or guess at what [a party's] arguments might be." *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076. Nor are we obligated to review an argument that is not adequately developed. *Id.* (declining to entertain a cursory argument that relied on several factual assertions that were made without citation to the record). We presume that the district court is correct, and it is Appellants' burden to clearly demonstrate that the district court erred. *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 111 N.M. 6, 8, 800 P.2d 1063, 1065 (1990).

{8} More specifically, Appellants in their Point 1 heading purportedly attack Findings of Fact Nos. 38, 39, 41, 42, 46, and 50 and Conclusions of Law Nos. 2, 3, 4, and 5. Appellants fail to mention or cite any but Findings of Fact Nos. 46 and 50

in the argument following the heading and, with respect to Nos. 46 and 50, they fail to develop an argument with record citations showing how those findings were not supported by substantial evidence. If anything, Appellants appear only to set out some evidence that might be considered or that they sought to have construed in a manner favorable to themselves, much of which is unsupported with a record cite. Appellants fail to show how any conclusion of law was not supported by substantial evidence or how any finding of fact did not support a conclusion of law. They also fail to meet their burden to prove insufficiency. We therefore reject Point 1.

{9} Appellants in their Point 2 heading purportedly attack Finding of Fact No. 41 and Conclusions of Law Nos. 8, 9, 11, and 19. Appellants fail to mention or cite Finding of Fact No. 41 or the identified conclusions of law in the argument following the heading. They fail to develop an argument with record citations showing how this finding of fact was not supported by substantial evidence or how any conclusion of law was not supported by a finding of fact. They also fail to develop an argument with record citations showing how the conclusions of law were not supported by substantial evidence. If anything, Appellants appear only to set out some evidence that might be considered or that they sought to have construed in a manner favorable to themselves, much of which is unsupported with a record cite. Further, they fail to meet their burden to prove insufficiency. We therefore reject Point 2.

6

**{10}** Appellants in their Point 3 heading purportedly attack Finding of Fact No. 41 and Conclusion of Law No. 15 as unsupported by substantial evidence. Neither is cited in the argument following the heading. Appellants fail to show how Finding of Fact No. 41 or Conclusion of Law No. 15 are not supported by substantial evidence or how any finding of fact does not support Conclusion of Law No. 15. Appellants' argument is unsupported by any authority or record cite. The argument's suggestion of lack of admonishment or notice of improper acts or regarding failure to cancel powers of attorney do not sustain Appellants' conclusion that they did not willfully violate the court's order. Appellants fail to meet their burden to prove insufficiency. We therefore reject Point 3.

**{11}** Appellants in their Point 4 heading purportedly attack Finding of Fact No. 46 and Conclusions of Law Nos. 17, 18, and 19 as unsupported by substantial evidence. None are mentioned or cited in the argument following the heading. Nor do they satisfy their burden to show how the finding of fact or any conclusion of law was unsupported by substantial evidence or how any conclusion of law was unsupported by a finding of fact. We therefore reject Point 4.

**{12}** Appellants in their Points 5, 6, and 7 headings purportedly attack Findings of Fact Nos. 12, 13, 14, 20, 21, 26, 33, 36, 39, 44, 51, and 58 as unsupported by substantial evidence. None are mentioned or cited in argument following the

7

respective headings. Appellants fail to appropriately or successfully attack any findings of fact. We therefore reject Points 5, 6, and 7.

{13} Appellants in their Point 8 heading purport to attack Findings of Fact Nos. 20, 21, 26, 33, 36, 39, 44, and 58 as unsupported by substantial evidence. Except for Finding of Fact No. 20, none are mentioned or cited in the argument following the heading. Appellants fail to appropriately or successfully attack any findings of fact. We therefore reject Point 8.

{14} Appellants in their Point 9 argue that the damages should have been charged against the Estate and not against them. They argue that Fred and Delfina had a higher or greater duty with respect to the property and that they (Appellants) essentially were not at fault. The district court held otherwise. Appellants provide no persuasive argument or authority to overcome the court's determination. We are not persuaded and see no basis on which to hold that the court erred.

**CONCLUSION**

{15} Appellants' cumulative failures in regard to (1) the Rules of Appellate Procedure, (2) their burden to establish that findings of fact and conclusions of law were not supported by substantial evidence or that any conclusion of law was not supported in a finding of fact, and (3) their burden to clearly demonstrate error by

8

making clear arguments and providing citation to the record and to relevant authority, lead us to reject their arguments.  We affirm the district court.

{16}     **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**LINDA M. VANZI, Judge**