## NORTHERN NEW MEXICANS PROTECTING LAND, WATER AND RIGHTS V. POJOAQUE VALLEY IRRIGATION

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**NORTHERN NEW MEXICANS PROTECTING LAND, WATER AND RIGHTS,**
**Plaintiff-Appellant,**
**v.**
**POJOAQUE VALLEY IRRIGATION DISTRICT,**
**Defendant-Appellee.**

NO. A-1-CA-37391

COURT OF APPEALS OF NEW MEXICO

February 12, 2019

APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY, David K. Thomson, District Judge

### COUNSEL

Western Agriculture, Resource and Business Advocates, LLP, A. Blair Dunn, Albuquerque, NM, for Appellant

Egolf Ferlic & Harwood, LLC, Katherine M. Ferlic, Santa Fe, NM, for Appellee

### JUDGES

LINDA M. VANZI, Judge. WE CONCUR: M. MONICA ZAMORA, Chief Judge, KRISTINA BOGARDUS, Judge

**AUTHOR:** LINDA M. VANZI

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Plaintiff has appealed from an order granting Defendant's motion for judgment on the pleadings, together with a related order denying Plaintiff's motion for summary

judgment and for declaratory judgment. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Plaintiff has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** To very briefly summarize, this is fundamentally an IPRA case, in which Defendant declined to produce unredacted ballots. [DS 3] The district court concluded that these materials were exempt from IPRA disclosure requirements, based on concerns about maintaining the secrecy of those ballots. [RP 451-53]

**{3}** In our notice of proposed summary disposition we observed that the district court's determination is well supported. The IPRA "catch-all" provision, NMSA 1978, § 14-2-1(A)(8) (2011), exempts materials that are subject to statutory and regulatory bars to disclosure, as well as materials subject to constitutionally mandated privileges and privileges established by our rules of evidence. *Republican Party of N.M. v. N.M. Taxation & Revenue Dep't*, 2012-NMSC-026, ¶ 13, 283 P.3d 853. As the district court observed at greater length in its order granting Defendant's motion for judgment on the pleadings, [RP 434-38] the materials in question could not have been produced without violating the right to the secrecy of the ballot, as enshrined by constitution, statute, and rule. *See, e.g.*, N.M. Const. art. VII, § 1(B) (recognizing the importance of "the secrecy of the ballot"); NMSA 1978, § 1-1-1.1 (1979) ("It is the purpose of the Election Code . . . to secure the secrecy of the ballot[.]"); Rule 11-507 NMRA (recognizing the privilege of a legal voter to refuse to disclose his or her vote). The sanctity of this right is well established. *See Kiehne v. Atwood*, 1979-NMSC-098, ¶ 7, 93 N.M. 657, 604 P.2d 123 ("The sanctity of a New Mexican's ballot is undoubtedly one of his most cherished and jealously-guarded rights. It is one of the fundamental civil liberties that form the bulwark against the erosion of a democratic government. Compromising the secrecy of the ballot is not to be tolerated except in cases of paramount public importance."). In light of these principles and authorities, the IPRA request was properly denied.

**{4}** In its memorandum in opposition, Plaintiff takes the position that the ballots in question should not be regarded as subject to secrecy because the Legislature has specified that the ballots must contain information that effectively renders the identity of each voter apparent. [MIO 4-5] However, the suggested conclusion does not follow from the premise. To the contrary, the fact that the ballots contain such identifying information underscores the propriety of the district court's determination that the unredacted ballots were subject not subject to disclosure. *See* NMSA 1978, § 1-12-69(G) (2015) (providing that inspection of ballots may be conducted only in such a manner as to secure the secrecy of the ballot). To the extent that Plaintiff invites us to imply legislative intent to abrogate voters' constitutionally and statutorily protected right to secrecy of the ballot in this specific context, the invitation must be declined. *See generally El Castillo Ret. Residences v. Martinez*, 2017-NMSC-026, ¶ 25, 401 P.3d 751 ("A statute must be interpreted and applied in harmony with constitutionally imposed limitations."); *Phelps Dodge Tyrone, Inc. v. N.M. Water Quality Control Comm'n*, 2006-NMCA-115, ¶ 15, 140 N.M. 464, 143 P.3d 502 ("We attempt to harmonize statutes in a way that facilitates their operation and the achievement of their goals." (internal quotation marks and citation omitted)).

**{5}** Plaintiff further argues that the result reached in this case reflects "a lack of discernment," "avoid[s] doing substantial justice," and is ultimately "absurd" insofar as it "deprive[s] citizens of the necessary information to verify the results" of elections. [MIO 3-4, 7] Of course, this is inaccurate. Election results, including the election at issue here, are subject to challenge and verification as provided in the Election Code. *See Gunaji v. Macias*, 2001-NMSC-028, ¶ 36, 130 N.M. 734, 31 P.3d 1008 (holding that "the Election Code sets out the exclusive procedure for contesting the results of an election"); *see also* NMSA 1978, § 73-9-5 (1973) (providing that the general election laws of the state govern special irrigation district elections); *Glaser v. LeBus*, 2012-NMSC-012, ¶ 9, 276 P.3d 959 (indicating that where a statutory provision calls for compliance with the general election laws of this state, compliance with the procedures set forth in the Election Code is required). We will not comment upon Plaintiff's failure to properly pursue this avenue, apart from observing that IPRA is not a surrogate. *See Gunaji*, 2001-NMSC-028, ¶ 36.

**{6}** Accordingly, for the foregoing reasons, as well as the reasons set forth in the notice of proposed summary disposition, we affirm.

**{7}     IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**KRISTINA BOGARDUS, Judge**